BOARD OF SUPERVISORS OF NEWTON COUNTY v. W. R. WELLS ET AL.

67  151
71  408

REWARD. *Fugitive slayer. Injury in one county—death in another.* Code 1880, § 3035.

In case of injury in one county resulting in death in another, the reward given by § 3035 of the code to the captor of the slayer who flees arrest is payable by the county in which the cause of death arose, and not by the county where the death occurs, although, under § 2996, the offender may in such case be tried in either county.

FROM the circuit court of Newton county.

HON. A. G. MAYERS, Judge.

In 1887 Israel and Daniel Williams in Scott county shot and mortally wounded Griffith and McCraney, who shortly afterwards died in Newton county. They fled before arrest, were captured by appellees Wells and Doolittle and duly delivered to the sheriff of Scott county for trial. The circuit court of Newton county allowed appellees the rewards authorized by § 3035, code 1880, and made the same payable out of the treasury of that county. Thereupon appellees petitioned the board of supervisors of Newton county for payment of the same, but the petition was denied, on the ground that the homicide occurred in Scott county, and that it was liable for the reward. On appeal to the circuit court, the order of the board was reversed, and judgment was entered against Newton county for the amount of the rewards. From said judgment the county appealed. Section 3035 of the code, under which the allow-

ance was asked, provides that the reward shall be paid "out of the treasury of the county in which the homicide occurred."

*T. M. Miller*, attorney-general, for appellants.

In rendering judgment against Newton county, the court doubtless supposed that, because of § 2996 of the code, the offenders might have been tried there as well as in Scott county, therefore, under § 3035, Newton could be considered the county in which the homicide occurred.    It is submitted that this view is untenable, and that Scott alone is liable for the reward, it being the "county in which the homicide occurred."

Now a homicide is the killing of a human being, the act of one person that causes the death of another.    When it is undertaken to fix the locality of the crime, the mind naturally takes in view the place where the act was done.    On this point, see *State* v. *Carter*, 3 Dutcher (N. J.), 499.

In a case like this, at common law the county where the death occurred had no jurisdiction.    2 Whart. Cr. L., § 1052.

There is a difference between the thing done and the evidence of it.    See the views expressed as to this in 1 Bish. Cr. Pro., § 51.

Treating of jurisdiction as depending on the locality of the crime in cases like this the author says : " In other states the provision is that the indictment shall be in the county where the offense is committed generally, and by the better view, construed to be the county of the blow."    Ib. § 52.    And, see code 1880, § 2991.

If the locality of a homicide is the place where death occurs, then no reward could be paid to the captor of a slayer where the mortal stroke is given here and the injured person dies in another state.    Yet, under § 2993 of the code, our courts would have jurisdiction of such a homicide, and the necessity for a reward would be as great as in other cases.

*Huddleston & Nichols*, for appellees.

Where the injury is in one county and death occurs in another, the offender may be tried for the homicide in either county.    Code 1880, § 2996.    In this respect our statute changes the common law, for formerly jurisdiction only existed in the county where the

mortal stroke was given. We insist that the statute fixing the venue for the trial in either county fixes also the liability of either county for the reward authorized by § 3035. The language of this section is that the reward is to be paid " out of the treasury of the county in which the homicide occurred." The homicide having occurred in either county, it is manifest that either is liable for the reward.

CAMPBELL, J., delivered the opinion of the court.

The reward provided for by § 3035 of the code, is payable by the county in which the cause of death is given, and not by the county in which the death occurs, where the counties are different. The fact that in such case the slayer may be tried in either county does not alter the fact that the homicide occurred in the county in which the cause of death was given rather than where the consequence was manifested. The statute has relation to the cause of death.

*Reversed.*