E. C. MARTIN *v.* COPIAH COUNTY.

ARREST. *Reward. Homicide. Code* 1892, § 1387.
    Under § 1387, code 1892, one who arrests and delivers for trial a person
    "who has killed another, and is fleeing before arrest," is entitled to the
    reward, if a mortal wound has been inflicted from which death soon en-
    sues, although the wounded person be not dead when the arrest is made.

FROM the circuit court of Copiah county.

HON. J. B. CHRISMAN, Judge.

Section 1387, code 1892, is as follows: "A person who shall arrest any one who has killed another and is fleeing or attempting to flee before arrest, and shall deliver him up for trial, shall be entitled to the sum of one hundred dollars out of the treasury of the county in which the homicide occurred, upon the allowance of the circuit court and of the board of supervisors of the county in the manner provided by law."

Appellant, Martin, asked an allowance by the circuit court of the reward provided by the above section, and showed that he had arrested and delivered up for trial one Bailey, who had mortally wounded his wife, and had fled and was in hiding. At the time of the arrest the wife was still living, but died shortly afterwards. The circuit court refused the allowance, and Martin appeals.

*Geo. S. Dodds,* for appellant.

The woman was killed, in a legal sense, when the mortal wound was given. The view taken by the court below is too narrow, and is contrary to the obvious purpose of the statute.

*Frank Johnston,* attorney-general, for the state.

There is nothing in the statute to indicate an intent that it apply where the fugitive has not killed, but merely

wounded another.   The fugitive must be a homicide at the time of the arrest.

CAMPBELL, C. J., delivered the opinion of the court.

The statute allowing a reward for the arrest and delivery of one " who has killed another and is fleeing," etc., has relation to the cause of death, as held in *Newton County* v. *Wells,* 67 Miss., 151, and therefore the reward is payable by the county in which the cause of death is given.   The question now presented is, whether, for the reward, the person killing may be said to have killed another when the mortal blow is struck of which the person soon dies, although death does not occur until after the arrest of the fugitive who gave the mortal wound.

The manifest purpose of the act giving a reward is to incite to the arrest of fleeing homicides, and secure them for trial, and an interpretation of the statute which requires that the victim of a mortal wound shall be actually dead before arrest, to entitle to the reward, is too literal, and would exclude cases which fall clearly within the spirit and purpose of the law.   The law at an early day was that, for several purposes, he who gave another a mortal stroke, where death ensued in a year and day, was held to have killed when the stroke was given, and not when the offense was consummated by the death.   1 Hale's Pleas of the Crown, p. 426; 1 Hawkins' Pleas of the Crown, p. 93.

The recognized doctrine is that, where a mortal wound is given, and the wounded person dies within a year and a day, the intendment of the law is that the wound caused the death. The wound is the cause, and death a consequence.   In popular language, and in legal phraseology, for some purposes, a party is said to have killed one on whom he has inflicted a blow of which the wounded person soon dies.   If a mortal blow was struck, and the party wounded languished a few hours before the heart ceased its pulsations, and the escaping criminal was arrested but a few minutes before the death of

his victim, all would feel that it was too literal an interpretation of the statute to deny the reward to the person who arrested and delivered the fleeing homicide. If in that case the reward would be due, so in any case where an arrest is made of one who has given a mortal wound which results in death, for a distinction cannot be made with reference to the statute between a few minutes or hours or days.

*Reversed and remanded.*