NEWTON COUNTY *v*. G. L. DOOLITTLE ET AL.

REWARD. *Homicide. Arrest.  Code* 1892, § 1387.

Where one who inflicts a wound is arrested on a charge of assault with intent to kill, and is by the magistrate discharged, after which the wound proves mortal, and he flees, and is arrested for murder, the person making the arrest is entitled to the reward given by § 1387, code 1892, for arresting "one who has killed another and is fleeing before arrest." *Itawamba Co.* v. *Candler*, 62 Miss., 193, distinguished.

FROM the circuit court of Newton county.

HON. A. G. MAYERS, Judge.

Appellees obtained an allowance of $100 under § 1387, code 1892, for arresting and delivering up for trial one Norman, who had killed one Denham.   The county appeals.  The opinion contains a further statement of the case.

*R. S. McLaurin*, for appellant.

This was not the case of an arrest of one who was fleeing "before arrest."   Norman had once been in the custody of the law after inflicting the wound, and, therefore, the statute does not apply. *Itawamba County* v. *Candler*, 62 Miss., 193.

So far as the responsibility of the slayer is concerned, the deceased was killed when the fatal wound was inflicted.  *Martin* v. *Copiah County*, 71 Miss., 407.

Since it is held in *Ex parte Gore*, 57 Miss., 251, that it is the duty of an officer to make the arrest, was not Norman, when arrested by the sheriff, as much in legal custody as if he had been arrested by a private person and delivered to the sheriff?

In that case, the private person would have secured the reward, and to decide that it is payable here would be necessarily to hold that the reward may be earned twice.

*Thos. B. McCune*, for appellees.

Appellees are entitled to the reward because they first arrested Norman for the homicide. The charge before the magistrate was assault with intent to kill, and the defendant was discharged eight days before Denham died. There was no homicide until the death. In the case of *Itawamba County* v. *Candler*, 62 Miss., 193, the two arrests were on the same charge. Not so here. It is immaterial that the accused was previously arrested on a different charge.

*W. L. Nugent*, on the same side.

WHITFIELD, J., delivered the opinion of the court.

In *Candler's Case*, 62 Miss., 193, the subject of the homicide was not only already dead when the slayer was arrested, but the slayer, when arrested, was arrested for murder, charged with murder, and by the committing magistrate discharged after an examination on an affidavit charging murder. The court twice, in the opinion, calls attention to this fact, saying "he was arrested for this offense" (murder), and again, "Lacky had been arrested by another for the offense with which he was charged." The case now before us is distinguished by the fact that the slayer here was first arrested for assault with intent to kill, charged with that offense, and the examination before the magistrate was into that offense. The deceased was wounded April 18. It was not thought to be mortal. On the twentieth of April he was examined on a charge of assault with intent to kill, and discharged. On the twenty-eighth of April the wounded man died. On the next day, the twenty-ninth, the defendant fled, and while fleeing, before arrest for the homicide, was arrested by the appellees and "delivered up for trial." The "arrest" spoken of in § 1387, code 1892,

means an arrest for an offense arising from the "killing of another;" the "fleeing before arrest," the "fleeing" of one who has "killed another" before "arrest" for the offense (murder or manslaughter, for example) arising from that "killing." We mean, of course, by "offense arising from the killing," some alleged offense; for one is entitled to the reward, of course, in a proper case, where he has "delivered up" such fleeing homicide "for trial," without reference to the result of the trial. To deprive the appellee of the reward in this case, it was necessary that the defendant should have been arrested for such offense arising out of the "homicide" which had thus "occurred," and delivered up for trial on that charge. It is correctly held in *Martin's Case*, 71 Miss., 407, that one may be said to have "killed another" within the meaning of this section from the time of the infliction of the wound, and that one is a fleeing homicide, although the wounded party may not then, at the time he flees, be dead. But the pursuit and arrest in such case (as in the Martin case) are the pursuit of a "fleeing" homicide, and the arrest is for the "killing of another." This construction carries out "the manifest purpose" of the statute, which is, as declared in *Martin's Case*, "to incite to the arrest of fleeing homicides." The last clause of the opinion in *Wilson* v. *Wallace*, 64 Miss., 13—"when, as in *Candler's Case*, the person charged with crime has been once in the custody of the officers of the law, and is by them discharged or permitted to escape"—refers to "crime" like that "charged" in *Candler's Case*—murder (some crime arising out of the "killing"), and the "custody," to "custody" on a "charge" for that sort of "crime." The statute must be conservatively construed in furtherance of its "manifest purpose."

*Affirmed.*