## HEWITT *v.* LAMB.

1. B. offered a reward of $1,000 for the arrest of one P. and his delivery to the sheriff of Washington county, in the State of Georgia. P. was arrested in the state of California by H., with the assistance of others, whose services had been procured by H. The prisoner was delivered to the agent of the State of Georgia, who in turn brought the prisoner to this State and delivered him to the sheriff of Washington county. *Held,* that the party making the arrest in California, and causing the prisoner to be held until he could be turned over to the agent of this State, was entitled to the reward.

2. The failure of the court to give a charge unauthorized by the pleadings in the case was not error.

Argued November 27, 1907.—Decided May 19, 1908.

Interpleader. Before Judge Rawlings. Washington superior court. March 7, 1907.

Beall and others, directors of the Davisboro Bank, offered a reward of $1,000 for the arrest and delivery to the sheriff of Washington county, Georgia, of the body of Maro S. Potter. Potter was arrested in California and delivered to the sheriff at Sandersville, Georgia. Hewitt brought suit against Beall et al., claiming the reward, on the ground that he had caused the arrest by his agents, and had gone after Potter, brought him back to Georgia, and delivered him to the sheriff of Washington county. Lamb brought suit against the same defendants, alleging that one Hall had arrested Potter and had him lodged in the police station in Los Angeles, California, and "that on May 4, 1905, said Maro S. Potter was delivered by said Hall and the authorities of said

police station to one Tom Hewitt, the agent appointed by the Governor of this State to bring said Maro S. Potter to this State, to be delivered to the sheriff of said county, at Sandersville, therein; and afterwards, to wit, on May 9, 1905, said Maro S. Potter was delivered to the sheriff of said county at Sandersville;" that thereupon said Hall became entitled to the reward, and that Hall had transferred his claim to said Lamb. The defendants filed an answer in each case, admitting the offering of the reward and stating that they had the sum thereof in court; and in each case set up the bringing of the other suit, and prayed that the two plaintiffs be required to interplead. Hewitt and Lamb interpleaded, and, upon the trial, a verdict was rendered in favor of Lamb for the whole amount of the reward. Hewitt's motion for a new trial was overruled, and he excepted.

The motion for a new trial contained, besides the general grounds, the following: (1) Because the court erred in charging the jury as follows: "I charge you further along that line, if the acts or services relied on, as constituting the consideration for a promise of reward, constituted the proximate cause of the result contemplated by the offer, the consideration will be held to be substantially performed and the contract complete." Error is assigned on this charge, for the reason that it is a misstatement of the law governing the case, the evidence showing that the offer of reward was for the arrest and delivery of Potter to the sheriff of Washington county, Georgia, at Sandersville, and the suit being brought on an express contract as set forth in said offer. (2) Because the court erred in charging the jury as follows: "If you find, from the evidence, that Potter was arrested by Hall, or by a policeman at his instance and request, and was landed in the barracks of Los Angeles to await requisition papers from the Governor of this State, and if you further find that Potter was kept in custody in California at Hall's instance and request, and was afterwards delivered to the agent of this State, who received Potter and delivered him to the sheriff, then Hall would be entitled to the reward, and Lamb would be entitled to recover as Hall's assignee." Error is assigned on this charge, for the reason that it was a misstatement of the law governing this case, the evidence showing that by its terms the reward was for the arrest and delivery of Potter to the sheriff in Sandersville, Ga. Error is further assigned on

this charge, because it gave the right to the jury to consider a new contract, different from that proved, and was unauthorized under the evidence and pleadings. (3) Because the court failed to charge the jury that if they found, under the evidence, that Lamb was entitled to recover, and that Hewitt did go after and bring back Potter from Los Angeles, California, it would be their duty to look to the evidence and determine what expenses were incurred by Hewitt; and if they found that he had incurred expense in going after and bringing Potter from California and delivering him to the sheriff at Sandersville, Ga., they would be authorized to return a verdict in favor of Hewitt for the amount thus expended.

*Travis & Travis,* for plaintiff in error.

*G. H. Howard, Hines & Jordan,* and *Evans & Evans,* contra.

BECK, J. (After stating the facts.)

1. While the evidence in this case was conflicting as to whether Hewitt, through the services of the detective agency whose assistance he is alleged to have procured, or Hall, through his own efforts and with the assistance of others whose services he secured, caused the arrest and detention of the party for whose arrest and delivery to the sheriff of Washington county the reward had been offered, there was sufficient evidence to authorize the verdict in favor of the defendant in error, Hall's assignee, upon that material and controlling issue. That being true, upon delivery of the prisoner to the agent of the State of Georgia who received the prisoner, brought him back to Georgia, and delivered him to the sheriff of Washington county, in this State, the conditions of the offer made by the publication of the terms upon which the reward would be paid were sufficiently complied with. Literal compliance by the person claiming to have performed the conditions of the offer was not absolutely essential, as a foundation of his claim to the reward. Accepting the testimony of Hall as true, he secured the arrest of the fugitive whose apprehension was desired, had him incarcerated in the proper jail in another State, and, under this imprisonment, brought about through Hall's efforts, the fugitive from justice was securely held until the agent of the State of Georgia took charge of him under proper authority, for the purpose of returning with him to this State. And when the prisoner had been brought back and delivered to the sheriff of Washington county, results aimed at by the offer of the reward were fully accomplished.

"Substantial performance is usually held sufficient. Offers of reward are usually made for substantial objects, for the accomplishment of certain results, and not for bare acts; and hence it is that the accomplishment of the result contemplated by the offer is held to be a substantial performance of the services which constitute the consideration for the promise of reward, regardless of the manner or method by which that result is reached. . . Substantial performance being sufficient, as has just been seen, and itself being dependent upon the accomplishment of certain results aimed at by the offer, it follows, according to the accepted doctrine of cause and effect, that if the acts or services relied on as constituting the consideration for a promise of reward constitute the proximate cause of the result contemplated by the offer, the consideration will be held to be substantially performed, and the contract to be complete." 24 Am. & Eng. Enc. L. (2d ed.), 955. See Beese v. Dyer, 9 Allen, 151; City Banks v. Bangs, 2 Edw. Ch. R. 95; Williams v. U. S., 12 Court of Claims, 192; Martin v. Copiah County, 71 Miss. 407. The doctrine above stated was substantially embodied in those portions of the charge of the court upon which error is assigned in the first and second grounds of the motion for a new trial. That doctrine is supported by numerous authorities in addition to those cited above. A case precisely in point is that from which the following is taken: "A prisoner in custody in M. county, for an offense under the laws of the State, committed in that county, was transferred for safe-keeping from the jail of such county to the county jail of F. county, and while confined there escaped from the jail. S., the sheriff of M. county, offered a reward of $50 for the delivery of the escaped prisoner to him at Independence in said M. county. D. and C., acting on the knowledge that a reward had been offered, and with a view to obtain it, captured and secured the prisoner and took him back to the county-seat of F. county, and there met the sheriff of said F. county, who demanded the prisoner by virtue of his office, and D. and C. delivered up the prisoner to such sheriff as his legal custodian, and claimed the reward offered. Soon thereafter S. came to such county-seat and received the prisoner from the sheriff of F. county, and took him back to Independence. Held, that D. and C. are entitled to the reward, notwithstanding the interposition of the sheriff of F. county, and notwithstanding that S. came to F. county

and received the prisoner there, instead of having him delivered at Independence." Stone *v.* Dysert, 20 Kan. 123.

2. We are of the opinion that the court did not err in refusing to charge the proposition of law set forth in the third ground of the amended motion; and the assignment of error upon the court's failure to so charge is without merit. The entire cause of action of the plaintiff in error, as set forth in his pleadings, was based upon the theory that the steps taken by him to bring about the arrest of the fugitive, in connection with the services of his agents, had brought about the accomplishment of the results which were sought in the offer of reward, and that he was entitled to the entire amount. There was no suggestion in his petition that there might be an equitable apportionment of the amount so as to save him the expense which he had incurred while acting as the agent of this State. He was in court demanding all or nothing. He got nothing. If he had desired and had been entitled to an amount between the full sum and nothing, he should have stated facts in his pleadings which would have authorized the jury, under pertinent instructions from the court, to ascertain and fix the sum he was equitably entitled to. The charge of the court was a clear statement of the principles of law applicable to the issues made in the case. The verdict depended upon the jury's opinion of the credibility of the witnesses as introduced by the plaintiff in error and the defendant in error. Settlement of that question was strictly within the province of the jury; and their verdict will not be disturbed, no error of law having been made to appear.

*Judgment affirmed. All the Justices concur.*