## HARRISON v. HESTER.

1. The verdict was authorized by the evidence.
2. An exception to portions of the charge of the court which merely stated the contentions of one of the parties can not be maintained merely because the contentions of the opposite party were not stated at the same time in the same sentence, especially where thereafter the contentions of the latter were stated with equal fullness and clearness.
3. Legal error is a compound of both error and injury. In the absence of either constituent element the grant of a new trial is not warranted. While the instruction of the trial judge as set forth in the third special ground of the motion for a new trial is legally inapt, it is apparent, upon a review of the entire record and the smallness of the finding for mesne profits in behalf· of the plaintiff, that the defendant was not injured upon this point, even if the court erred.
4. There was no error in the instruction of which complaint is made in the fourth ground of the motion for a new trial.
5, 6. Under the pleadings and the evidence it was not reversible error to instruct the jury in the language of sections 4570, 4571, 4572, 4573, 4580, and 4581 of the Civil· Code of 1910.
7, 8. "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall."
9. It being undisputed that the grantee in the deed was a minor at the time of its execution, it was not error to omit to charge the jury as to the necessity of the delivery and acceptance of deeds, or as to the effect of non-delivery of the deed in question in this case.

No. 4482. JULY 16, 1925. REHEARING DENIED SEPTEMBER 29, 1925.

Ejectment. Before Judge Kent. Laurens superior court. July 5, 1924. See 156 *Ga.* 240.

*Larsen & Crockett,* for plaintiff in error. *S. P. New,* contra.

RUSSELL, C. J. 1. Zenobia Hester brought a suit in ejectment against L. E. Harrison. The suit was filed on July 5, 1921. Two amendments were allowed to the answer. The jury, after the charge of the court, found the premises in dispute and $100 as mesne profits in favor of the plaintiff. A motion for a new trial was overruled, and exception is taken to this judgment. So far as the issues of fact are concerned, the case turned upon whether there was a mistake in the execution of the deed by which the land in dispute, a tract of about four acres, was conveyed by Ed Holmes to Zenobia Harrison through mistake instead of to Nina Harrison, and whether the suit was filed within four years after the plaintiff attained her majority. The evidence as to the first

point is sharply in conflict, and the evidence as to the second point at first blush is apparently vague; but upon a review of the evidence as a whole, we are satisfied that sufficient evidence was introduced to authorize a recovery in behalf of the plaintiff, applying to her the inflexible rule that the plaintiff must recover upon the strength of her own title, and not upon the weakness of the title of her adversary. While there is evidence which would have authorized the jury to find that there was a mistake on the part of Ed Holmes, the grantor, in making the deed to Zenobia instead of to Nina Harrison, the grantor himself testified positively that he drew the deed and intended to draw it to Zenobia Harrison. It has been too frequently ruled to require citation of authority that it is within the province of the jury to prefer the testimony of one witness to that of any number of witnesses swearing to the contrary. And in this case there are several circumstances which tend to corroborate the testimony of Ed Holmes, who swore unqualifiedly that he executed the deed intentionally, as he was directed at the time of its execution, to the plaintiff, who was then, prior to her marriage, Zenobia Harrison. The jury had also before them the fact that after the making of the deed considerable bitterness had arisen between the grandmother of the two sisters and other witnesses in behalf of the defendant and the plaintiff and her husband, whereas there was no possible reason why the witness Ed Holmes, the grantor, should be swayed in favor of the plaintiff, to whom he was in no wise related, while he was a brother-in-law of the defendant by reason of the fact that the latter had intermarried, after the death of Zenobia's mother, with a Miss Harrison, who was his sister. The testimony of the defendant's witnesses was further impeached by the testimony of the plaintiff herself, who stated that both her father and uncle, the defendant, had stated to her more than once that the original deed was delivered to the grandmother for Zenobia when she was about four years old, and contained her name as the grantee; and John Harrison, who admitted he was an agent for L. E. Harrison in the transaction, tried, according to the testimony of the plaintiff, to induce her to make a deed to L. E. Harrison, and made the same admission. We have thus summarized some of the salient features of the evidence to show that the finding of the jury, contrary to the contention of the defendant, was amply supported by the evi-

dence; and the verdict having the approval of the trial judge, it would not be disturbed as a finding that there was no mistake in the original execution of the deed, under a rule universally recognized. The suit was filed on July 5, 1921. The deed was executed when Zenobia, according to the testimony of her father (who was one of the defendant's witnesses), was about four years old. There was no conflict in the testimony that her father lived on the place about two years, and L. E. Harrison, the defendant, testified he had been in possession twenty years. According to this adverse testimony, the plaintiff was twenty-six years of age at the time of the trial on May 2, 1924. But while there is no testimony of any witness as to when the deed was written and delivered, or as to the exact date of the birth of the plaintiff, it is very plain, since the suit was filed on July 5, 1921, that the plaintiff was but little over twenty-three years of age at the time she instituted the action. The verdict, being authorized by the evidence, must stand unless there was some error of law in the trial which contributed to or caused the finding of the jury. We shall therefore next consider the special grounds of the motion for a new trial, in which complaint is made of errors of law.

2. The plaintiff in error alleges that the court erred in giving the following charge to the jury: "She insists that the defendant has been in possession of the land for a certain number of years, and she insists that she is not only entitled to collect [recover] the premises in dispute but the value of the rent for all those years, she being a minor at that time. The plaintiff insists further that she brought this suit within four years after she became twenty-one years of age, and for that reason she is entitled to collect rents." It is insisted that this instruction was harmful and prejudicial to the defendant, because there was no evidence that the plaintiff brought the suit within four years after she attained majority, and because the plaintiff was not undertaking to collect the rents for the entire period the defendant was in possession, but the declaration of the plaintiff only sought to collect rents from January 2, 1918; whereas the evidence was that the defendant went into possession about the year 1901. It is insisted that this instruction gave the jury to understand that they could consider the amount of mesne profits for the entire period in which the defendant was in possession. The jury had before them the

plaintiff's declaration in ejectment. They also had before them, in addition to the defendant's answer, his amendments thereto in which he set up the value of alleged improvements against mesne profits. It is very plain that in the language used by the court at the outset of his charge he was merely stating the contentions of the plaintiff; and so considered, there was no error in the language used. But if this were not sufficient, the invalidity of the exception is apparent in that, as already shown in the discussion of the evidence, the fact that the defendant went into possession in 1901, and the plaintiff's suit was filed in 1921, confirming the calculation deduced from the evidence of different witnesses which satisfactorily established that the plaintiff's suit was brought "within four years after she attained her majority," and the finding of $100 as mesne profits, when the uncontradicted evidence placed the rental value of the premises at $40 per year, evidences that the jury made a liberal allowance for improvements to the defendant.

3. Exception is also taken to the following charge of the court: "I charge you that if you believe that the defendant, L. E. Harrison, had been put on notice, before he purchased the land in question and went into possession of the same, that the true title was not in the party from whom he purchased, but that it was in the plaintiff, Mrs. Zenobia Hester, in that event he would not be entitled to set off his improvements against whatever sum she would be entitled to recover for mesne profits, only to the extent of reducing her mesne profits to whatever the land would be worth had said improvements not have been made." We think there are circumstances growing out of the close relationship of the defendant to the plaintiff, from which an inference would be supported that if the defendant did not know of the execution of the deed by Holmes to Zenobia Harrison, now Hester, these circumstances were at least sufficient to excite inquiry and to lead to knowledge of the fact that Ed Holmes had made the deed to the plaintiff. But even if we are mistaken as to this, it is very plain, from the amount of the finding of mesne profits, that the defendant was liberally repaid for the improvements and suffered no injury by the instruction, if erroneous.

4. In the third ground of the motion it is alleged that an instruction of the court directed the jury to consider the time when the plaintiff was a minor, in calculating her mesne profits, if she

began her suit within four years from the time she became twenty-one years of age. We find no error in this instruction. It is based upon the contention that the plaintiff was twenty-five years old when she entered the suit, and the testimony of the plaintiff that "I was about twenty-five years old when I filed this suit." Had this been the only testimony, the jury would have been authorized to find that the plaintiff was over twenty-five at the time she instituted the suit; but not being a positive statement, perhaps a thoughtless one, it will not defeat the positive testimony which evidences that at the time of filing her suit the plaintiff was between twenty-three and twenty-four years old.

5. It is insisted that the court erred in charging the jury that "The defendant has filed an amendment in which he insists that there was a mistake in making the deed, that Mr. Holmes was instructed to make the deed to Nina Harrison and not to Zenobia Harrison, provided you find that it was made to Zenobia Harrison; and upon that subject I charge you: mistake relievable in equity is some unintentional act, or omission, or error arising from ignorance, surprise, imposition, or misplaced confidence. This power is exercised with caution, and to justify it the evidence must be clear, unequivocal, and decisive as to the mistake." We find no error in this instruction. It is a statement of the contention of the defendant authorized by his amendment, which places no "greater burden upon the defendant than the law required." The instruction is substantially in the verbiage of section 4570 of the Civil Code (1910).

6. Complaint is made upon the same ground in the fifth and sixth grounds of the motion for a new trial, because the court gave in charge to the jury sections 4571, 4572, 4573, 4580, and 4581 of the Code of 1910. In view of the amendment to the defendant's answer, alleging mistake, we can not sustain these exceptions.

7. In the seventh ground of the motion it is insisted that the court deprived the defendant of his defense that Zenobia Harrison did not purchase the property, nor was it given to her, and the person who did buy it instructed that the deed be made to Nina Harrison. "This charge was further contrary to law, because it was instructing the jury that the property would belong to Zenobia though it was not given to her or bought by her; and was further

error and harmful, because it took from the jury the consideration of the delivery of the deed to Zenobia Harrison." We shall deal with these objections in reverse order. The maker of the deed testified he delivered it to Mrs. Demeris Brown, who was the grandmother of the four-year-old child, and by her it was to be delivered to John Harrison, her father. If there were no law upon the subject, it would seem that the delivery by the grantor was perfect except that he constituted the grandmother his agent charged only with the duty of delivering the paper to the only proper person, the father, the natural guardian of this infant; but the law provides that non-delivery shall not be raised against minors. No issue was made upon this point, in the lower court, so far as the record discloses. We find no merit in the contention that the jury was instructed that "if you believe from the evidence in this case that this deed was made by Mr. Ed Holmes to Zenobia Harrison, then it would be your duty to find in favor of the plaintiff the premises in dispute," upon the exception "because it was instructing the jury that the property would belong to Zenobia though it was not given to her or bought for her." As already stated, the contentions of the defendant were fairly and fully stated, and the true law was correctly applied to these contentions. The circumstantial evidence as to the age of the plaintiff being uncontradicted, it was not improper for the court to really confine his instructions to the only contested issue which was raised by the amendment to the answer of the defendant, the amendment praying a reformation of the deed from Ed Holmes to Zenobia Harrison, so as to put title in Nina Harrison if the deed was in fact executed to Zenobia Harrison. However, while there was positive testimony that the deed was executed to Zenobia Harrison, no witness undertook to remember that there was ever a deed which they would positively swear was executed to Nina Harrison. The exception that the jury was thus instructed that the plaintiff might recover the property though she did not purchase it, and though it was not given to her, is without merit. According to the testimony of Mr. Holmes and the admissions of the defendant and his agent John Harrison, as testified to by the plaintiff, the maker was instructed and did make the deed as directed, and it was a gift to the four-year-old child, who of course could not purchase.

8. There is no merit in the contention that the court, in instructing the jury as to the form of their verdict in case they should find for the plaintiff, used the following language: "If you find that this was the property of Zenobia Harrison and not the property of Nina Harrison, and that this deed was made to Zenobia Harrison, the form of your verdict would be, we, the jury, find in favor of the plaintiff the premises in dispute, and whatever mesne profits you find, if you find any." The ground of the motion is as follows: "Because the court, in instructing the jury in the form of their verdict to make in case they found that the property belonged to Zenobia Hester, gave this instruction: 'The form of your verdict would be, we, the jury, find in favor of the plaintiff the premises in dispute, and whatever mesne profits you find, if you find any.'" As said by Mr. Chief Justice Bleckley in *Brown* v. *Matthews,* 79 *Ga.* 1 (4 S. E. 13): "A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what is lacks when divided is supplied when the parts are all united. United they stand, divided they fall." We have quoted not only the excerpt to which exception is taken but the preceding part of the sentence which is delivered, and, when read disconnected with its context, would seem to be erroneous. Considered as a whole, it is nothing more than the ordinary method of stating the proper form of the verdict in case the jury should find in favor of the plaintiff. It immediately follows more than two pages of instructions presenting the contentions of the defendant as set forth in his answer and the two amendments thereto, and is itself followed by the usual and customary instruction as to the form of the verdict in case the jury should find in favor of the defendant, and a statement to the jury that if they should become confused on how to write their verdict they could come back and the court would explain it further. Truly, as said by Mr. Chief Justice Bleckley, supra, in ruling upon the hypercritical method of considering charges by segments, "United they stand, divided they fall."

9. In the ninth ground of the motion complaint is made that the court failed to instruct the jury as to the necessity of delivery and acceptance of a deed of bargain and sale, and what would con-

stitute such delivery, and the effect of non-delivery. For the reasons stated in the seventh division of this opinion it was not error for the trial judge in the present case, in which it was uncontradicted that the plaintiff was an immature minor at the time of the execution of the deed, to give any instruction upon the subject of delivery to her by the grantee or acceptance by the grantor. We conclude that the trial was free from errors of law, and that the verdict was sufficiently supported by the evidence. It has the approval of the learned trial judge, and his discretion in overruling the motion for a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*