## POSTON *v.* DURHAM & COMPANY.

BELL, J. 1. All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court and must be made parties to the bill of exceptions. Civil Code (1910), § 6176; *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190).

2. Where several parties brought separate suits against different defendants, and each of the defendants filed a counter-claim, and, pending the suits, one of the defendants purchased and obtained assignments of the counter-claims of the other defendants, and the cases were thereafter consolidated, not simply for trial, but for the purpose of merging the several cases into one cause, and finally resulted in a judgment against each of the plaintiffs and in favor of the defendants upon each of the counter-claims, the defendant who obtained such assignments, having theretofore been a party defendant in one of the cases, and being thereafter interested as a party of record in sustaining the judgment in favor of each of the counter-claims, was an essential party defendant in error in a bill of exceptions brought by one of the plaintiffs to review the final judgment against him and in favor of the counter-claim filed in the court below in the suit as originally brought by such plaintiff; and where in such bill of exceptions the original defendant was made the sole defendant in error, the writ of error must, on motion, be dismissed for the want of an essential party. Cf. *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316). *Writ of error dismissed. All the Justices concur.*

No. 9476. NOVEMBER 15, 1933.

*V. K. Meador,* for plaintiff. *R. R. Jackson, for defendants.*