supports the determination of the court below, and (2) section 1142-a of the Penal Law is not offensive to any constitutional provision. (*Vide People* v. *Sanger,* 222 N. Y. 192; *People* v. *Byrne,* 99 Misc. 1, 4, 5; *State* v. *Hollinshead,* 77 Ore. 473, 477; 151 P. 710.) Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NEW YORK WORLD'S FAIR 1939 INCORPORATED, Defendant, and GOTHAM PRODUCTIONS, INC., and BILLY ROSE'S EXPOSITION SPECTACLES, INC., Appellants. (Appeal No. 1.) — Two of the three defendants in an action for an accounting and for a money judgment appeal from an order denying their motion for the dismissal of the complaint for insufficiency as to them. Order reversed, on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Testing the complaint on the facts alleged, as distinguished from conclusions stated, it is one for rent alleged to be due and unpaid under a lease. Appellants were not parties to the lease and were not tenants of plaintiff, and they were, therefore, not liable to plaintiff for rent or for a breach of the lease in any other respect. (*President & Directors of Manhattan Co.* v. *Nieberg,* 164 Misc. 618, 620, 621, and cases there cited; *Cozzens* v. *Am. General Engineering Co.,* 55 id. 393.) The facts alleged to show fraud on the part of appellants in an oral agreement relating to the lease and to the demised premises do not have that effect; but, assuming that there was fraud and that appellants participated in it as charged, plaintiff waived the fraud in a written contract which superseded the oral agreement. Furthermore, if the facts alleged constituted fraud by appellants and the fraud had not been waived, it would have related only to a breach of the lease by the tenant in respect of the rent to be paid, for which plaintiff would have no cause of action against appellants, and would not have given rise to an action in fraud by plaintiff against appellants. (*Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259, 263, 264.) Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, Appellant, v. NEW YORK WORLD'S FAIR 1939 INCORPORATED, Respondent, and GOTHAM PRODUCTIONS, INC., and BILLY ROSE'S EXPOSITION SPECTACLES, INC., Appellants, Respondents. (Appeal No. 2.) — In an action for an accounting and for a money judgment plaintiff appeals from so much of an order as denied its motion for the appointment of a receiver *pendente lite*; and two of the three defendants appeal from so much of the same order as enjoined them from diminishing their account below $100,000 pending the entry of final judgment. In Appeal No. 1 herein (*ante,* p. 739, decided herewith) we reversed an order denying the motion of the defendants-appellants-respondents on these cross-appeals for an order dismissing the complaint as to them and granted the motion. Order modified by striking from the end of the first decretal paragraph thereof the words " and it is further," and by striking from the order the entire second decretal paragraph thereof. As so modified, the order is affirmed, with ten dollars costs and disbursements to defendant-respondent and to defendants-appellants-respondents, payable by plaintiff-respondent-appellant. No opinion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS QUINN, Appellant.— Judgment of the County Court of Kings County convicting defendant of the crime of robbery in the first degree and order denying motion for new trial

unanimously affirmed. Sufficient corroboration was furnished by independent proof or admissions of the defendant's ownership of the boats used in the commission of the robbery, his departure in one of them toward the scene of the crime on the day of its commission in company with two men who undoubtedly participated therein, and his flight after discovery of the submerged boats. The charge, read in its entirety, together with requests which were charged, does not warrant the construction sought by appellant. The final words to the jury when it returned the second time for instructions were that the law with respect to corroboratory evidence applied to all the defendants and to each of them. The exclusion of the dictaphone records to impeach the testimony of Robert Stewart was correct and no direct proof implicating the defendant was adduced from that witness. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ.