29537. LAKE *et al. v.* DeLAPERRIERE.

DECIDED DECEMBER 4, 1942.

*P. K. Burns,* for plaintiffs in error. *N. T. Anderson Jr.,* contra.

PER CURIAM. The motion to dismiss the writ of error must be sustained, for lack of proper parties. The facts are similar to and are governed by the principle announced in *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190) : "All persons who are interested in sus-

taining or reversing the judgment of the court below are indispensable parties in the Supreme Court and the Court of Appeals; and they must be made parties to the bill of exceptions."

*Writ of error dismissed. Broyles, C. J., and Gardner, J., concur.*

MacIntyre, J., dissenting. 1. If D sues A, B, and C, and a demurrer to the petition is sustained, or a nonsuit (which was the case in *Edwards* v. *Wall* (supra), 153 *Ga.* 776, relied upon by the majority opinion) which, under the common law was called a demurrer to the evidence, is granted, D must make A, B, and C parties to the bill of exceptions. So said Judge Gilbert for the court in *Benson* v. *Lewis,* 176 *Ga.* 20 (166 S. E. 835); and so said Judge Bell for the court in *Emanuel Farm Co.* v. *Batts,* 176 *Ga.* 552 (168 S. E. 316), citing *Edwards* v. *Wall,* supra; and so said Judge Bell in *Poston* v. *Durham,* 177 *Ga.* 870 (171 S. E. 765), again citing *Edwards* v. *Wall,* supra. I do not think this rule is applicable to the instant case, for it might be noted that Judge Bell, notwithstanding he had twice upheld the rule above announced, one being in *Poston* v. *Durham,* supra, yet in *Huey* v. *National Bank of Fitzgerald,* 177 *Ga.* 64, 67 (169 S. E. 491), he announced the rule I think is applicable in the instant case. That rule is: "A demurrer to the petition was filed by the defendant partnership. This demurrer was overruled, and the partnership excepted. There is no merit in the motion to dismiss the writ of error, based upon the ground that the other parties defendant were not made parties to the bill of exceptions." In *Federal Land Bank of Columbia* v. *Paschall,* 180 *Ga.* 224 (178 S. E. 659), where an action was instituted by the Federal Land Bank against H. and P., Judge Atkinson, speaking for the court, said: "A general demurrer interposed by P. was sustained, and the petitioner excepted. In the bill of exceptions he did not make H. a party. Though interested in reversing the judgment, H. was not interested in sustaining it. Consequently the bill of exceptions will not be dismissed on motion of P., on the ground that H. was not made a party." And in *Logue* v. *Holleman,* 52 *Ga. App.* 36 (182 S. E. 200), Judge Jenkins, speaking for the court, stated both rules: "While it is true, under the Code of 1933, § 6-1202, that all persons who are interested in sustaining the judgment of the trial court, or who would be affected by a judgment of reversal in the appellate court, must be made parties to the bill of exceptions *(Poston* v. *Durham* [su-

pra]; *Malsby* v. *Shipp,* 177 *Ga.* 54, 169 S. E. 308; *Emanuel Farm Co.* v. *Batts* [supra]), yet it is also well settled that 'where in a suit against two or more persons the verdict and judgment are adverse to the defendants, and only one of them makes a motion for a new trial, the movant can except to the judgment overruling the motion and bring the case to the [appellate] court without making the other defendants parties to the bill of exceptions.' *Durrence* v. *Cowart,* 160 *Ga.* 671 (2), 673 (129 S. E. 26); *Turner* v. *Newell,* 129 *Ga.* 89 (58 S. E. 657), and cit. See also *Huey* v. *National Bank of Fitzgerald* [supra], and cit."

I think the last rule is applicable to this case, for here D sues A, B, and C on account, and gets a joint and several judgment against all three; C makes no motion for a new trial; A and B move for a new trial, and, on being overruled, bring the case to the Court of Appeals without making C, the other defendant, a party to the bill of exceptions. Though interested in reversing the judgment, C was not interested in sustaining it. Consequently the writ of error should not be dismissed on motion of D, on the ground that C was not made a party. *Federal Land Bank* v. *Paschall,* supra. In *Daniel* v. *Virginia-Carolina Chemical Cor.,* 50 *Ga. App.* 275 (177 S. E. 925), the verdict was *in favor* of a plea filed by Daniel, one of the defendants, and he should have been made a party in the Court of Appeals where it was attempted to upset the verdict finding in his favor, even though the verdict were but a finding that Daniel was a surety, as pleaded by him, and not a guarantor as pleaded by the plaintiff. But in the instant case the verdict was *adverse* to *all three* of the *defendants* in the capacity in which they were sued. A motion was made to dismiss the writ of error because all the defendants below are not plaintiffs in error here. They need not be, for two of the defendants may bring the case here and the other defendant rest content with the judgment below. *Ruffin* v. *Paris,* 75 *Ga.* 653, 654.