AKINS *v.* PARKER.

No. 15164.   MAY 10, 1945.

276

W. L. Denton, J. R. Hutcheson, for plaintiff.

C. B. McGarity, for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The only special ground of the motion for new trial complains because the judge in his instructions to the jury, after fully setting out the claim of the defendant for the cost of improvements, failed to call attention to the question of rents claimed by the petitioner on the house built by the defendant. The criticism is that the failure to instruct the jury as to their right to allow rents against the improvements, and their duty to do so, in the event they found rents owing by the defendant, was error because it had the effect of not submitting that question to the jury, and because the undisputed evidence showed some amount of rents was owing by the defendant. While the petitioner testified that the house in which the defendant lived would rent for about $8 a month, he did not testify that the defendant had agreed to pay any rent, or that the defendant was liable for any rent. The prayer was for cancellation of the deed, recovery of the property, and for process. "Where in a civil case the judge, in stating the contentions of the parties, fully and fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, though supported by some evidence in the record, is not cause for a new trial. Martin v. Nichols, 127 Ga. 705 (2) (56 S. E. 995); Cordele Sash &c. Co. v. Wilson Lumber Co., 129 Ga. 290 (2) (58 S. E. 860); Hewitt v. Lamb, 130 Ga. 709 (2) (61 S. E. 716, 14 Ann. Cas. 800)." McLean v. Mann, 148 Ga. 114 (2) (95 S. E. 985); City of Brunswick v. Glogauer, 158 Ga. 792 (4) (124 S. E. 787); York v. Stonecypher, 181 Ga. 435, 437 (182 S. E. 605); McKaig v. Hardy, 196 Ga. 582, 587 (2) (27 S. E. 2d, 11); Jones v. Hogans, 197 Ga. 404, 412 (5) (29 S. E. 2d, 568). Applying the above principle to the pleadings and the evidence, the court did not err, as complained of in the special ground of the motion for a new trial, in failing without request

to charge on the question of whether the jury, in the event they found rents owing by the defendant, would have been authorized to allow such rents against the improvements. Furthermore, the court charged: "In fixing the rights of the parties you should take into consideration all the evidence in connection with the benefits that each party has received out of the property, just how the contract was made, and what the consideration of the contract was, and what was the real intention of the parties in the case, and then fix their rights under the rules of law that I have given you in charge."

■ Though conflicting, the evidence was sufficient to support the verdict, which further found $500 in favor of the defendant on account of services rendered and improvements made on the property, and the court did not err in refusing a new trial.

<div align="center">

*Judgment affirmed. All the Justices concur.*