## 33961. GEORGIA RAILROAD & BANKING COMPANY v. DAVIS.

DECIDED MAY 1, 1952.

*Stevens & Stevens,* for plaintiff in error.

*Knox & Neal,* contra.

CARLISLE, J. 1. In special ground 1 of the defendant's motion for new trial, error is assigned upon the following charge of the court: "There is a duty resting upon the plaintiff, Mr. Davis. That duty is to exercise ordinary care to avoid injury. What is the duty on the part of the railroad company? It is to exercise ordinary care to prevent injury to person or property which may be upon its crossing. *And there is an additional obligation on the part of the railroad company, which is as follows*: Upon the line of each railway and at a point 400 yards from the center of its intersection at grade with any public road or street used by the public generally in crossing the tracks of said railway, and on each side of said crossing, there shall be erected by the railroad company, or the persons or corporations owning and operating said railroad, a blow post to indicate the existence of such crossing, and the engineer operating the locomotive engine of any railroad train moving over the tracks of said railroad shall be required, when he reaches the said blow post, as a signal of approach to said crossing, to blow through said whistle two long blasts, one short and one long blast, said blasts to be loud and distinct. In addition thereto, after reaching the blow post furthest removed from said crossing, and while approaching said crossing, he shall keep and maintain a constant and vigilant lookout along the track ahead of said engine, and shall otherwise exercise due care in approaching said crossing, in order to avoid doing injury to any person or property which may be on said crossing, or upon the line of said railway at a point within fifty feet of said crossing. Now I charge you, gentlemen, if you find

from the evidence in this case that the engineer in charge of the train failed to comply with the law which I have just read to you, and *which I referred to as an additional obligation on the part of the railroad company, I charge you that the defendant would be guilty of negligence as a matter of law."* The error assigned is the use of the language, which we have italicized in setting out the charge complained of, and which the defendant contends cast upon it a greater burden than that imposed by law to exercise ordinary care to avoid injury to persons or property on its crossing.

While it has often been said by the appellate courts of this State that a duty rests upon a railroad company to exercise ordinary care *in addition* to its duty to observe the statutory requirements (*Pollard* v. *Savage,* 55 *Ga. App.* 470, 190 S. E. 423, and cases cited), the converse of that rule, that the duty to observe the statutory requirements is *in addition* to the duty to exercise ordinary care, is not the law of this State. The breach of the statutory duty where injury results therefrom is, of course, negligence per se, but that is nothing more than saying that, where the statutory duty is breached as to one coming within its protection and such one is injured as a result of such breach, the railroad company has not, as a matter of law, exercised ordinary care. But, while in some cases the charge that the statutory duty is *in addition* to the duty to exercise ordinary care would clearly have been error, as where it appeared from the evidence that the failure to observe the statutory duty could in no wise have caused the injury complained of (See *Southern Ry. Co.* v. *Riley,* 60 *Ga. App.* 475, 4 S. E. 2d, 54), when the charge as a whole is viewed in the light of the pleadings and evidence in the case, we do not think that the court's inapt reference to the railroad company's statutory duty as being *in addition* to the duty to exercise ordinary care misled or confused the jury as to the duties owed by the parties, each to the other. The crossing is alleged to be a public one, and among the specifications of negligence, alleged to be the proximate cause of the plaintiff's injuries, is the allegation that the defendant failed to signal the approach of the train to the crossing by tolling the bell, blowing the whistle or otherwise, which was negligence per se. The evidence as to the defendant's observance of this duty was in sharp con-

flict, and there was evidence from which the jury would have been authorized to find that the defendant's failure to observe its statutory duty was the proximate cause of the plaintiff's injuries. Following the charge complained of, the court, among other things, charged the jury that a failure of the defendant to comply with its statutory duty with reference to signaling the approach of the train to the crossing would be negligence per se, and charged: "Now as to the acts of negligence, gentlemen, which have been alleged by the plaintiff, it is for you to consider and determine whether or not they were acts of negligence in the exercise of ordinary care. You will consider the location of the scene of the accident, the traffic, the condition of the crossing, the condition of the approach to the crossing, and whether or not the whistle of the train was blown or the bell tolled as it approached the crossing, and other things that may have come to your attention. You will ascertain what would be ordinary care at that particular point on the part of the defendant in the case, and if you find that ordinary care required something of the defendant that it did not do on that occasion, that it did not exercise and perform, then it would be an act of negligence, and if that act of negligence you should find to be the proximate cause of the injury, the plaintiff would be entitled to recover unless he is otherwise barred by some rule of law." We think that the jury clearly understood from the charge as a whole that the only duty owed by the railroad company was to exercise ordinary care, but that, if it found that the defendant railroad company's failure to signal the approach of the train to the crossing was the proximate cause of the plaintiff's injuries, and the plaintiff was not otherwise barred from recovery under any of the rules given in charge, the plaintiff was entitled to a recovery as a matter of law. This ground is without merit.

2. In special ground 2, the defendant contends that, after giving the following charge: "I charge you that in this State it is not per se negligence for one not aware of the approach of a train to attempt to cross the track without stopping, looking or listening," the court committed error in "not going further and instructing the jury that it was for the jury to determine whether or not it was negligence on the part of the plaintiff, if he was aware of the approach of the train, to go upon the track or attempt to

cross the track without stopping, looking or listening, and [that] such charge impliedly instructed the jury not to consider that such act of approaching the railroad track, unaware of the approach of a train, without stopping, looking or listening was negligence, this being a matter in every case of the kind for the jury to consider and determine whether such act is negligence; . . [and] that such charge negativing negligence on the part of the plaintiff in going upon the track was prejudicial and harmful to . . [the defendant]." The charge here complained of states a correct principle of law (*Atlanta, Birmingham &c. R. Co.* v. *Thomas,* 64 *Ga. App.* 253, 12 S. E. 2d, 494; *Carter* v. *Powell,* 57 *Ga. App.* 360, 368, 195 S. E. 466; *Tennessee, Alabama & Georgia R. Co.* v. *Neely,* 27 *Ga. App.* 491 (2), 108 S. E. 629); and the court's failure in "not going further and instructing the jury that it was for the jury to determine whether or not it was negligence on the part of the plaintiff, if he was aware of the approach of the train, to go upon the track or attempt to cross the track without stopping, looking or listening," in the absence of a timely written request so to charge, was not error, as the judge at other points in his charge made it quite clear to the jury that it was a question for their determination whether or not the plaintiff could have avoided the injury by the exercise of ordinary care. This ground is without merit.

3. In special ground 3, the defendant contends that the use of the italicized language, in the following portion of the court's charge was "harmful and prejudicial to defendant and not in accordance with the pleading or the evidence—in that it was not contended by the pleading or the evidence that plaintiff would have lived any longer had he not been injured, and such charge was impliedly telling the jury that the plaintiff might not live as long as he would have had he not been injured, and was inferring that the injuries received would shorten his life"— "And after you found what would be the average yearly loss, if any, then you would multiply this amount by the number of years, if any, that such decrease in earning capacity would continue. If you should find from the evidence that his decreased earning capacity, if any, is permanent, then you would multiply what the evidence shows the average yearly loss in decreased earning capacity to be, if any, by the number of years that you

find from the evidence *he would probably have lived but for the injury,* and that would give you the gross amount of the loss due to decreased earning capacity." We can not see that the use of the italicized language was calculated in any way to harm the defendant. The judge at this point in his charge was instructing the jury on the computation of diminution of earning capacity. One of the factors in this computation is necessarily the injured person's life expectancy, and the worst that can be said of the court's use of the language complained of is that it authorized the jury to find that the plaintiff's life expectancy was even less than the expectancy shown from the mortality table, and a reduction in this factor would necessarily reduce the amount of the damage which the jury would award for diminution of earning capacity, which is no detriment to the defendant. While not strictly accurate, this portion of the charge constitutes no ground for the grant of a new trial, as the defendant was not harmed thereby. *Harrison* v. *Hester,* 160 *Ga.* 865 (3) (129 S. E. 528).

4. The evidence was in sharp conflict on practically every issue involved in the case growing out of the plaintiff's injuries, which were the result of a collision at a public crossing between the plaintiff's automobile and the defendant's train; and this conflict having been resolved in favor of the plaintiff, this court will not disturb the verdict.

*Judgment affirmed.* *Gardner, P.J., and Townsend, J., concur.*