35625. STEVE M. SOLOMON, JR., INC. v. EDGAR.

DECIDED MAY 31, 1955—REHEARING DENIED JUNE 15, 1955.

*Martin, Snow & Grant,* for plaintiff in error.
*Jackson & Jackson, H. T. O'Neal, Jr.,* contra.

GARDNER, P. J. ■ As to the plaintiff's motion to dismiss, our attention is called by him, first to *Lake* v. *DelaPerriere,* 68 *Ga. App.* 464 (23 S. E. 2d 518). Counsel contends that this decision is controlling in favor of the plaintiff. This question is somewhat confusing. The decision relied on was based by the majority opinion upon *Edwards* v. *Wall,* 153 *Ga.* 776 (113 S. E. 190). In *Lake* v. *DelaPerriere* there was a dissenting opinion, to which we call attention. The dissent calls attention to many decisions which hold contrary to the holding of the majority opinion. It is interesting to note what this court said in *Bedgood* v. *Rogers,* 81 *Ga. App.* 343 (1, 2) (58 S. E. 2d 473). The Supreme Court in *Ball* v. *Moore,* 181 *Ga.* 146 (182 S. E. 28) saw fit to explain and limit its former decision in *Edwards* v. *Wall,* supra. The whole

situation seems crystalized in an expression used by counsel for the plaintiff as follows: "There is one factor which we have never seen discussed in any of the decisions, and that is the fact that an appellate court cannot possibly tell where the interest of an unserved defendant lies. On the face of things, Ford would be interested in reversing an $8,000 judgment. But, as a matter of fact, is this necessarily so? What we are trying to say is that he could well feel that the injuries in this case were so serious, and the liability so clear, that an $8,000 judgment was so light as to greatly please him. He might or might not want the judgment sustained. After all, there have been many plaintiffs who wept bitterly over verdicts as light as this. The whole point of serving a bill of exceptions is to afford the party served an opportunity to protect his interest. Nobody but the party served can know exactly where his interests lie. But when a man has an $8,000 judgment against him, and his codefendant goes tampering with it without his knowledge, his interests are certainly at stake." We agree thoroughly with able counsels' statement. We do not understand how an appellate court could determine, in the light of the Code section or decisions, whether or not the interest of a particular party would be served or jeopardized by a particular verdict rendered. This is particularly true where, as here, the person sought to be made a party defendant does not plead, in a trial court, and does not in any manner whatsoever seek to become a party in the appellate court. The query is just why the party litigant does not, by pleading in the trial court, himself object to the verdict of the trial court and does not take any measures himself to convince the appellate court that he is interested in the verdict rendered. We have reached the conclusion that the Code section and the record in this case, together with all decisions rendered pertaining to the Code section, are controlled adversely to the contentions of the movant to dismiss the bill of exceptions. We think the view against dismissing the bill of exceptions is correct. We cannot comprehend just why a rule should be established to require a party to become a party defendant who does not in any way express or evidence a desire to be interested in a change of a verdict. Our opinion is that the record in the instant case does not require that the agent Ford be a necessary party defendant here.

■ The statutory grounds and special ground 9 deal with evidence for both parties. While the evidence is conflicting, it is adequate to support the verdict. The general grounds and special ground 9 of the motion for new trial are without merit.

■ Special' ground 4 assigns error because the court refused to admit in evidence the playing, in the presence of the jury, of a Dictaphone record which contained questions propounded by counsel for the defendant to Ernest Ford and answers elicited thereto. A transcription of the Dictaphone record is attached and made a part of the record. The Dictaphone recording of which complaint is made in this special ground was properly excluded from evidence for the reason that no proper foundation was made for its admission. There are no Georgia decisions dealing with this point. However, there are cases from other jurisdictions. See Williams v. State, 93 Okla. Cr. 260 (226 Pac. 2d 989); Ray v. State, 213 Miss. 650 (57 So. 2d 469); People v. Quinn, 259 App. D. 739 (18 N.Y.S. 2d 347); People v. Miller, 270 App. D. 107 (58 N.Y.S. 2d 525); and People v. Offerman, 204 Misc. 769 (125 N.Y.S. 2d 179).

Application of the principles that a proper foundation must be laid before such evidence as is here presented is admissible, as well as confessions, etc., is elementary and fundamental. In addition to the principles always applied in such instances, we have here an additional element, i.e., what is the method of laying the proper foundation before a Dictaphone record, tape recording, and similar mechanical transcription devices may be reproduced in the presence of the jury? The principle of laying the foundation has not changed, but the method of transmitting by mechanical devices in the presence of the jury is a comparatively new method in legal procedure to reach the same end, that is, to get testimony before a jury. If the use of mechanical transcription devices is properly safeguarded, no doubt such devices will prove of great benefit for the protection of all concerned in legal procedure, and contrawise. Let us then inquire what safeguards are necessary before such mechanical transcription devices may be used. A proper foundation for their use must be laid as follows: (1) It must be shown that the mechanical transcription device was capable of taking testimony. (2) It must be shown that the operator of the device was competent to

operate it. (3) The authenticity and correctness of the recording must be established. (4) It must be shown that changes, additions, or deletions have not been made. (5) The manner of preservation of the record must be shown. (6) Speakers must be identified. (7) It must be shown that the testimony elicited was freely and voluntarily made, without any kind of duress.

There was no proper foundation such as above enumerated in the instant case. The court did not err in refusing to allow the recording to be reproduced before the jury. The assignments of error in this special ground are without merit.

■ Special ground 5 complains of the following excerpt from the charge of the court: "Every motor vehicle operated on the public streets or highways of this State shall be equipped with two front headlights, located near the side extremities of the front, capable of revealing a person, vehicle or object at least 500 feet ahead in the darkness; and so arranged that at no time shall the beam from said lights create a blinding glare or interfere with the vision of the driver of any vehicle approaching within 500 feet of such vehicle; any auxiliary headlights in front must be extinguished when within 500 feet of any vehicle ahead or any congested driving area and must be kept extinguished until passing the approaching vehicle; also every such motor vehicle shall be equipped with rear light, red in color, to be visible at least 200 feet in the darkness in the rear, and provided further that said lights, both front and rear, when said motor vehicle is being operated on a public street or highway, must be lighted one-half an hour after sunset to one-half hour before sunrise and at any other time when the vision is obstructed for any reason less than 500 feet along a public street or highway."

The assignment of error in this special ground is not meritorious, because the Supreme Court in *Harwell* v. *Blue's Truck Line*, 187 *Ga.* 78, 83 (199 S. E. 739) said that all the requirements as to front lights and rear red light and as to traffic are applicable whether the car be standing in the highway or moving forward or backward.

Special ground 6 is abandoned.

■ Special ground 7 contends that the court erred in charging the jury as follows: "If you find from the evidence that his deceased earning capacity is permanent, then you would multiply

what the evidence shows to be the plaintiff's average yearly loss on this account, if any, by the number of years you find from the evidence he probably would have lived but for the injury."

The defendant contends that this excerpt from the charge was erroneous because it was not authorized by the pleadings and the evidence. In our opinion the case of *Georgia R. & Bkg. Co.* v. *Davis,* 86 *Ga. App.* 63 (70 S. E. 2d 788) holds that a charge identical with the one given here was not reversible error. That case was based upon *Harrison* v. *Hester,* 160 *Ga.* 865 (129 S. E. 528). Counsel for the defendant contends that the *Harrison* case is not authority for the assignment of error on the excerpt from the charge here involved. We disagree with counsel for the defendant in this view. Under the facts of the instant case and the assignments of error in this special ground, the excerpt from the charge is more favorable to the defendant than to the plaintiff. The only effect of the death of the plaintiff would be to lessen the recovery because of decreased earning capacity—that is, the absolute cessation of earnings. Counsel for the defendant call our attention to *Atlanta Coca-Cola Bottling Co.* v. *Hathcock,* 45 *Ga. App.* 822 (165 S. E. 902), and cases cited therein. These cases do not sustain the contentions of the defendant. This special ground shows no cause for reversal.

■ Special ground 8 complains that the court erred in failing to charge, without request, on evidence as to aggravation of pre-existing injuries. The pleadings do not form an issue on that question. In *Wood* v. *Claxton,* 199 *Ga.* 809 (35 S. E. 2d 455), the Supreme Court said, "the trial judge is not bound, on his own motion and without request, to charge the jury on a wider range of the case than that made by the pleadings, even though the evidence might warrant it had the pleadings been amended to so authorize." See *Akins* v. *Parker,* 199 *Ga.* 273 (34 S. E. 2d 168). We have studied the pleadings carefully and find that there is no issue raised in the pleadings concerning aggravation of pre-existing injuries to the plaintiff. It was only brought out in the evidence, and there was no written request to charge thereon. This ground is without merit.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*