WILLIAM J. REID, plaintiff in error, *vs.* NEWTON P. BRINSON, executor of MATTHEW BRINSON, defendant in error.

The counter affidavit to a distress warrant for rent having been filed, the plaintiff must prove his claim; the distress warrant is not *prima facie* evidence.

Distress warrant.   Certiorari.   Decided by Judge VASON. Dougherty Superior Court.   October Term, 1867.

Brinson, as executor of Brinson, sued out a distress warrant for rent, against Reid, for $750.00 with interest, and procured it to be levied by the special-bailiff of the County-Court of said county, upon certain cotton and corn.   Reid

made affidavit that "a part of the rent distrained for was not due," replevied the property, and the bailiff returned the papers to the County-Court.

When the case was called for trial, defendant's attorneys moved for a continuance, because Reid, who had been attending the Court, was absent, had the papers and proofs showing his set-off, and without him his attorneys could not go safely to trial; because John T. Cargile, as guardian of the minor children of Matthew Brinson, deceased, had filed a bill, which was then pending in the Superior Court of Dougherty county, for injunction, relief and account, against N. P. Brinson as executor of Matthew Brinson, deceased, by which a receiver had been appointed and Brinson, executor, had been enjoined from further interference in the matters sought to be accounted for; and because Reid had purchased a distributive share in said estate, and was, to the extent of his interest, a plaintiff in the said proceeding and entitled to a credit for his share of the rent sued for in said warrant, and because he could not make this defense at law and wished time to file a bill in equity. The bill against N. P. Brinson, executor, was shown to the court. It did not restrain said executor from collecting debts, etc.

The Court refused the continuance, and ordered the case to proceed.

Defendant's attorneys, before the case was submitted to the jury, procured from plaintiff's attorneys the original contract for rent between the parties, (which was in writing but not offered in evidence,) and moved to dismiss the case, because, by the contract, the rent was to paid in cotton at twenty cents per pound, and, (as they contended,) a distress warrant did not lie for specifics, and because the contract showed but $600.00 due, whereas the warrant was for $750.00.

The Court overruled this motion.

Plaintiff then read to the jury his affidavit and distress warrant, and closed. Defendant's attorney moved for a non-suit, because plaintiff had introduced no evidence showing that defendant owed plaintiff any rent.

The Court refused the non-suit.

Reid *vs.* Brinson, Ex'r.

After argument had, the Court charged the jury that the affidavits before the jury were not evidence, but that the distress warrant was *prima facie* evidence of defendant's indebtedness. Defendant's attorney requested the Court to charge that if the affidavit was not evidence, the warrant could not be evidence. The Court refused so to charge.

The jury found for the plaintiff without specifying any amount. After the jury had dispersed, defendant's attorneys moved to set aside the verdict. The Court refused, and allowed the verdict amended by specifying the amount claimed.

Upon these facts, (as agreed on by counsel,) and without a return by the Judge of the County-Court, by *certiorari* the case was taken before Judge Vason, and the action of the County-Court as aforesaid was there assigned as error.

Upon the hearing, Judge Vason overruled the *certiorari* on all the grounds taken, and ordered the distress warrant to proceed. This ruling is complained of in this Court.

STROZIER & SMITH, for plaintiff in error.

WRIGHT & WARREN, for defendant in error.

HARRIS, J.

The principal question in the record requiring the decision of this Court, is, was the Judge below right in holding that the distress warrant itself was *prima facie* evidence of the indebtedness of defendant, after issue had been made by the counter affidavit of defendant. It is difficult to distinguish the legal process issued at the instance of the plaintiff below, from other process in Courts, and how they can become direct evidence when traversed, or rather *prima facie* evidence to sustain the demand of a party, is not apparent to us. When an issue is made, as in this case, we take it that the *onus* of proof of indebtedness is on plaintiff, who should, by some witness or writing signed by defendant, have shown the amount of rent agreed to be paid; in other words, he should have proved up his case, as is usual in Courts before a jury

in other monied demands. Neither the distress warrant itself, nor the affidavit of the party on which the warrant issued, being recognized by law as instruments of proof, but as forms or pleadings for the assertion of claims, they should, when tendered as *prima facie* evidence, have been rejected. After issue made, the plaintiff not supporting his demand by such testimony as the law allows, the motion made by defendant—that judgment of non-suit be awarded—should have been granted.

In looking through the record, we perceive that the counter affidavit filed by Reid does not specially state the amount of plaintiff's demand for rent which is denied to be due. No point was made in regard to this, and we therefore make no decision upon it; but with reference to *future* practice, we suggest that it may be made a question—whether a denial of plaintiff's claim, *in the mere words of the statute allowing counter affidavits*, is *a fair compliance* with the spirit and intention of the act, which evidently meant that a direct and certain issue as to *the amount due* should be made.

Judgment reversed.