## MARTIN v. NICHOLS.

127 705
f129 291

1. When the landlord forecloses a special lien for supplies furnished his tenant to make the crop, and a counter-affidavit is filed by a creditor of the tenant, contesting the amount or justice of the landlord's claim, or the existence of such lien, the execution issued in the foreclosure proceeding is not admissible in evidence, upon the trial of the issue thus formed, in support of the landlord's claim.
2. Instructions of the court to the jury should be confined to the issues made by the pleadings in the case, even though both the plaintiff's and the defendant's counsel, in their arguments before the court and jury, may have treated the case as embracing other issues between the same parties.
3. A verdict which is unauthorized by the pleadings is erroneous.

Submitted July 18, 1906.—Decided February 18, 1907.

Foreclosure of landlord's lien. Before Judge Fite. Bartow superior court. February 25, 1905.

Z. T. Nichols, claiming to have a landlord's special lien upon certain crops raised by Sam Fletcher upon premises rented from him, for supplies which he had furnished to Fletcher for the purpose of making such crops, proceeded to foreclose the lien, under the statute applicable to such a case. The amount claimed by Nichols in the affidavit foreclosing the lien was $231.29, and an execution based upon the affidavit was issued for this amount. F. M. Martin, claiming to be a judgment creditor of Fletcher, filed a counter-affidavit, in which he contested the amount and justice of the claim of Nichols against Fletcher and the existence of the alleged landlord's lien. The lien fi. fa. was issued from the superior court of Bartow county; and the issue arising upon the interposition of the counter-affidavit of Martin, the alleged judgment creditor of Fletcher, came on to be tried in that court. The trial resulted in a verdict and judgment with which Martin was dissatisfied, and he made a motion for a new trial, which was overruled, and he excepted.

James B. Conyers, for plaintiff in error.

George H. Aubrey and T. C. Milner, contra.

EVANS, J. (After stating the facts.)

1. One ground of the motion for a new trial was, that "the court erred in allowing counsel for Z. T. Nichols to read in evidence the original landlord's lien fi. fa. which was issued from Bartow Superior Court in favor of Z. T. Nichols vs. Sam Fletcher . . over the objection of counsel for F. M. Martin, the ground

45

of objection being, that said fi. fa. was nothing but pleadings, and could not be offered in evidence." The objection to the introduction in evidence of the execution issued upon the foreclosure of the landlord's special lien was well taken, and should have been sustained. Under the statute applicable to such a case, when an execution is issued in favor of a landlord for the purpose of enforcing a special lien claimed by him on the crops of his tenant, "If the person defendant in such execution, or any creditor of such defendant, contests the amount or justice of the claim, or the existence of such lien, he may file his affidavit of the fact, setting forth the ground of such denial, which affidavit shall form an issue to be returned to the court and tried as other causes." Civil Code, §2816 (6). It is apparent that when the counter-affidavit here provided for has been filed, whether by the defendant in execution or by a creditor of his, the affidavit filed by the landlord and the execution issued thereon become, together with such counter-affidavit, mere pleading in the case, and neither the foreclosure affidavit nor the foreclosure execution can be used as evidence for the landlord, upon the trial of the issue raised by the filing of the counter-affidavit. That issue is simply as to the existence and the amount of the special lien claimed by the landlord. When the counter-affidavit is filed the landlord must prove his claim, the execution issued in the foreclosure proceeding not being even prima facie evidence in his favor. This principle was laid down in *Reid* v. *Brinson,* 37 *Ga.* 63, where a counter-affidavit was interposed by the defendant in a distress warrant proceeding. Upon the trial of that case, in a county court, the plaintiff "read to the jury his affidavit and distress warrant, and closed. Defendant's attorney moved for a nonsuit, because plaintiff had introduced no evidence showing that defendant owed plaintiff any rent. The court refused the nonsuit;" and "charged the jury that the affidavits before the jury were not evidence, but that the distress warrant was prima facie evidence of defendant's indebtedness." The jury found for the plaintiff, and the defendant carried the case, by certiorari, to the superior court, where the court overruled the certiorari and ordered that the distress warrant proceed. Upon a review of the judgment of the superior court, this court reversed the same, holding that "the counter-affidavit to a distress warrant having been filed, the plaintiff must prove his claim; the distress

warrant is not prima facie evidence." In the opinion, Harris, J.,
said: "It is difficult to distinguish the legal process issued at
the instance of the plaintiff below, from other process in courts;
and how they can become direct evidence when traversed, or rather
prima facie evidence to sustain the demand of a party, is not ap-
parent to us. When an issue is made, as in this case, we take it
that the onus of proof of indebtedness is on plaintiff, who should,
by some witness or writing signed by defendant, have shown the
amount of rent agreed to be paid; in other words, he should have
proved up his case, as is usual in courts before a jury in other
monied demands. Neither the distress warrant itself, nor the affi-
davit of the party on which the warrant issued, being recognized
by law as instruments of proof, but as forms or pleadings for the
assertion of claims, they should, when tendered as prima facie
evidence, have been rejected." The same principle was, in effect,
applied in *McConnell* v. *Bryant,* 38 *Ga.* 639, in which it was held,
that when "the affidavit and counter-affidavit are filed in a pro-
ceeding to foreclose a mill-wright's lien on a mill, and the issue
which is formed by the affidavit is returned to the court, and is
pending on the appeal," and at the hearing the defendant is
neither present nor represented by counsel, "the court should re-
quire the plaintiff to make out his case, as in other cases in de-
fault, by prima facie proof of the justice of his claim, before he
is permitted to take judgment; and it is error to order that the
defendant's affidavit be dismissed, and that the execution, which
issued upon plaintiff's affidavit, proceed."

In the present case the landlord did not rest his case upon the
introduction of the lien execution in evidence, but supported his
claim by parol evidence; and as the jury found in his favor for a
much less amount than that for which the execution issued, it is
probable that the error in admitting the fi. fa. in evidence did not
materially affect the verdict, and hence might not be sufficient of
itself to require the grant of a new trial. But the case seems to
have been tried upon a wrong theory. It appears from the charge
of the court in the record and an explanatory note accompanying
the judge's approval of the grounds of the motion for a new trial,
and also from statements made in the briefs of counsel, that the
agricultural products upon which Nichols, the landlord, claimed
a special lien had been sold by a constable, under executions

issued from a justice's court, in favor of Martin and against Fletcher, the tenant of Nichols; and that Nichols thereupon proceeded in the superior court to foreclose the special lien which he claimed as landlord upon these products, and then placed the lien execution in the hands of the constable for the purpose of claiming the fund in his hands derived from such sale. Thereupon Martin filed a counter-affidavit, contesting the amount and justice of Nichols's claim and the existence of the lien asserted by him, thus making the case with which we are dealing. The charge of the court indicates that there was a money rule pending against the constable, which was then in the superior court, in which Nichols and Martin were contesting parties, and that case appears to have been confused with the issue made by the counter-affidavit which Martin filed in the foreclosure proceeding. But if the facts thus indicated existed, they were not properly before the court in the present case. If there was another case, between the same parties, of the character above indicated, pending in the same court, the two cases, so far as the record before us shows, had not been consolidated, and were not being tried together. They were separate and distinct. Therefore, the theory upon which we apprehend the judge admitted the lien execution in evidence,—viz., as prima facie evidence of a foreclosed lien of Nichols, upon which he was claiming the funds in the hands of the constable,—was not tenable. So far as the pleadings in this case disclosed, there was no controversy between the parties over a fund in the hands of a constable, and the court, the counsel, or the jury could not look beyond these pleadings for the issues upon which the case was to be tried. The question before the court was whether Nichols, as the landlord of Fletcher, had any lien at all upon the agricultural products in question, for supplies furnished to make them, and, if so, for what amount. The counter-affidavit of Martin denied that such a lien existed for any amount, and, being a traverse of the lien foreclosure affidavit, the legality of the execution which issued upon this affidavit was directly in issue; and as its right to exist was called in question, it was inadmissible as evidence for any purpose in favor of the landlord, at whose instance it was issued.

2. Two of the grounds of the motion for a new trial complain of alleged errors committed by the court in stating to the jury the

contentions of the parties, and two other grounds allege that the court erred in certain instructions to the jury, which are therein set forth. In each instance the purport of the complaint is that the court, in the statement or instruction excepted to, treated the case as if it were a contest. between the parties, under a money-rule, over the distribution of a fund in the hands of a levying officer. These grounds of the motion for a new trial were each well taken. Each of the excerpts from the charge, set forth and complained of in the motion, indicates that the court dealt with the case as if it were a contest between the parties over money in the hands of a constable. For the reasons already given, the statements and instructions complained of were wholly inapplicable to the issue described in the bill of exceptions and indicated by the pleadings contained in the record. The bill of exceptions describes the case as "an issue made by the filing . . of a counter-affidavit by F. M. Martin as a judgment creditor of Sam Fletcher to a landlord's lien fi. fa. in favor of Z. T. Nichols against said Sam Fletcher;" and the record shows that this was the only issue properly before the court. The only pleadings were the affidavit of Nichols foreclosing his alleged landlord's lien, the execution issued thereon, and the counter-affidavit thereto filed by Martin as a judgment creditor of the alleged tenant. The argument and contentions of counsel may, as indicated in the explanatory note accompanying the judge's approval of the grounds of the motion for a new trial, have taken a wider scope than was authorized by the pleadings, but this fact did not authorize the judge, in his charge, to treat the case as embracing any issue other than the one made by the pleadings. The other case between the same parties, to which the judge, in his charge, said that counsel in their arguments had referred, was not before the court, and the issues therein arising, whatever they may have been, should not have been referred to by the court in the charge in the present case. Under the 21st rule of court, pleadings can not be dispensed with even by express consent of the parties (Civil Code, §5652), and certainly they, are not to be treated as having been dispensed with by mere implication from what occurs during the progress of the trial. Civil Code, §5652; *Central Bank* v. *Johnson,* 56 *Ga.* 225; *Hicks* v. *Marshall,* 67 *Ga.* 713.

3. Another ground of the motion for a new trial was, that the

verdict was unauthorized by the pleadings in the case. The verdict was evidently the result of the erroneous theory above indicated, upon which the case seems to have been tried. It was in the following language: "We, the jury, find for the plaintiff, Z. T. Nichols, eighty-one and 29/100 dollars and interest from 9th of December, 1904, and balance in hands of officer to W. M. Martin." From what we have heretofore said in reference to the pleadings in the case and the issue thereby presented, it is apparent that this verdict was not appropriate to the case on trial. It indicated an intention on the part of the jury to find how a fund in the hands of a levying officer should be distributed between the parties, when such officer was no party to the case on trial and no contest over such a fund was before the court. The verdict should have been confined to the issue made by the pleadings; and that issue was whether Nichols, as the landlord of Fletcher, had a special lien upon the agricultural products involved in the case, for supplies furnished by him to Fletcher to produce them, and, if so, for what amount.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*