## CORDELE SASH, DOOR & LUMBER CO. *v.* WILSON LUMBER CO.

FISH, C. J. 1. A ground of a motion for a new trial, assigning error upon the admission of documentary evidence, will not be considered unless the evidence objected to be set forth, either literally or in substance, in the motion itself, or attached thereto as an exhibit. A mere reference in the motion to another part of the record where the evidence may be found will not suffice. *Hicks* v. *Webb*, 127 *Ga.* 170 (56 S. E. 307). In the present case error is assigned upon the admission in evidence of an original amendment, with an exhibit attached thereto, filed by the defendant to an answer in a former suit between the same parties. In the motion for a new trial the evidence is referred to as follows: "Said amendment being incorporated in the brief of evidence in full, and forming pages 6-A, 6-B, 6-C, 6-D, 6-E, 6-F, 6-G, of said evidence." The substance of the amendment is properly set forth, but the only reference to the ex-

hibit is "Exhibit A, a checking of certain lumber by Mr. Wilder." What was contained in the body of the amendment tended to sustain the defendant's answer in the present case, and was, therefore, not hurtful to defendant. The only harm that could possibly result to the defendant from the admission of the evidence came from the exhibit, which was merely. referred to as stated above.

2. Instructions of the court to the jury should be confined to the issues made by the pleadings in the case. *Martin* v. *Nichols*, 127 *Ga*. 705 (56 S. E. 995). Therefore a failure of the court in its charge to present to the jury a contention of one of the parties not pertinent to any issue made by the pleadings is not cause for a new trial.

3. Mere failure of the court, in instructing the jury, to give the definitions of such words as "delivery" and "delivered" is not cause for a new trial. *Holmes* v. *Clisby*, 121 *Ga*. 241 (7) (48 S. E. 934), 104 Am. St. R. 103.

4. Plaintiff's petition alleged that the property, for the value of which the action was brought, was converted by defendant on April 14, 1902, the evidence tended to support this allegation; the case was tried September 18, 1906, and the verdict in behalf of the plaintiff was for a given sum, with four and a half years' interest thereon. *Held*, that there was no evidence to authorize a verdict finding interest for more than four years, five months, and four days; and a new trial is ordered, unless the defendant in error, within ten days after the filing of the remittitur, shall write off from the amount of interest as found in the verdict an amount equal to the interest on the principal sum found in the verdict, for one month and four days, at seven per cent. per annum; in the event this is done, a new trial is refused.

         *Judgment affirmed, on condition. All the Justices concur.*

         Argued July 1,—Decided August 14, 1907.

Complaint. Before Judge Littlejohn. Crisp superior court. October 25, 1906.

*Hill & Royal,* for plaintiff in error.

*W. H. Dorris* and *W. H. McKenzie,* contra.