GOODIN *v.* GOODIN.

ATKINSON, J.   An action for divorce was instituted by a husband, upon the
sole ground of desertion for more than three years.   In the petition the
plaintiff prayed for custody of two girl children, issue of the marriage,
eleven and eight years of age respectively.   The defendant's answer as
amended denied the alleged desertion, and alleged that she "separated
from petitioner on account of his cruel treatment toward defendant, and
she is afraid to live with him," and prayed that defendant be granted
a total divorce and permanent alimony for the support of herself and
children, and that she be granted the custody and control of the chil-
dren.   A second or final verdict was:   "We, the jury, find that suffi-
cient proofs have been submitted to our consideration to authorize a
total divorce; that is to say, a divorce a vinculo matrimonii, upon
legal principles, between the parties in this case.   We fix the rights
and disabilities of the parties as follows:   The plaintiff shall be at
liberty to marry again.   The defendant shall be at liberty to marry
again.   We grant a total divorce to both parties.   We allow twenty
dollars per month alimony to each three older children until each shall
become 18 years of age or shall marry."   Upon this verdict a decree
was rendered, dissolving the marriage, granting to each party the
privilege to marry again, and ordering the payment of alimony as pro-
vided in the verdict.   In a separate decree based on the same verdict it
was ordered that the custody of the girl children specifically named in
the petition "and the boy age six" be awarded to the plaintiff, with the
provision, however, that until he has provided a home for them satis-
factory to the court they shall be placed in the custody of a designated
charitable institution, and that "the defendant shall have the privilege
of visiting the children at all reasonable hours."   *Held:*
1. "In all cases of divorce granted, the party not in default shall be en-
titled to the custody of the minor children of the marriage.   The court,
however, in the exercise of a sound discretion, may look into all the
circumstances, and, after hearing both parties, make a different disposi-
tion of the children, withdrawing them from the custody of either or
both parties, and placing them, if necessary, in possession of guardians
appointed by the ordinary.   The court may exercise a similar discretion
pending the libel for divorce."   Civil Code (1910), § 2971.
2. The proper disposition of the minor children, issue of the marriage, was
involved in the case as made by the pleadings.   This being so, evidence
tending to show immorality in the wife was admissible over the objec-
tion that it was irrelevant and did not support the alleged ground
for divorce.
3. The defendant delivered certain testimony which the plaintiff moved to
rule out.   In denying that motion the court stated:   "I think it is
inadmissible as an individual ground for divorce on her part, but it
might be used as an explanation and defense as to why she refused to
live with him."   *Held,* that the remark of the court did not limit

Divorce, 19 C. J. p. 152, n. 84; p. 153, n. 89; p. 195, n. 40; p. 347,
n. 67; p. 348, n. 84.

the effect of the evidence to "an explanation or defense as to why she refused to live with him," and was not error on the ground that it prevented the jury from considering the evidence on the issue of cruel treatment, as alleged in the defendant's answer. In no event would the remark afford the defendant cause for reversal, the jury having granted her a divorce on her allegations of cruel treatment.

4 If there was any error, for any reason stated, in the charge of the court and omission to charge, as complained of in the 11th and 13th grounds of the motion for new trial, it would not furnish the defendant ground for reversal, the jury having found a verdict granting her a divorce.

5. The court charged the jury: "Plaintiff contends that she has forfeited all right to any alimony for herself, by the lack of chastity during this period of three years; that a child was born to her during this period of three years desertion, when there had been no access by the husband whatever; and that constitutes adultery on her part, and therefore she is not entitled to any alimony." This was excepted to on the grounds: "(a) There were no pleadings of plaintiff to authorize said charge. (b) Because the said charge was based solely on evidence offered by witnesses for plaintiff, over the objection of movant, after plaintiff had individually offered evidence to show the marriage relation and his allegation of desertion on part of movant." The charge was not erroneous for the reasons assigned. The claim for alimony alleged in the answer of the defendant was sufficient pleading to put the question of allowing alimony in issue; and there being evidence upon that question, the court was authorized to charge upon the subject. The case differs from the case of *Martin* v. *Nichols*, 127 *Ga.* 705 (56 S. E. 995).

6. The evidence was sufficient to support the verdict, and the judge did not err in refusing a new trial.

7. The judgment awarding the custody of the three older children to the husband upon terms as provided in the decree was authorized by the pleadings and evidence, and was not an abuse of discretion or contrary to law.          *Judgment affirmed. All the Justices concur.*

No. 6059. FEBRUARY 17, 1928.

Divorce, etc. Before Judge Malcolm D. Jones. Bibb superior court. May 14, 1927.

*Grady Gillon* and *J. M. Hancock,* for plaintiff in error.

*Hall, Grice & Bloch,* contra.