25067. AMERICAN SURETY COMPANY *v.* SMALLON.

DECIDED JULY 3, 1936.

*John D. & E. S. Taylor, Wright & Covington,* for plaintiff in error.

*Maddox & Griffin,* contra.

MACINTYRE, J. There are two questions for decision in this case: First, can there be a recovery of smart money as against the sureties on the bond of the sheriff, for the acts and conduct of his deputy? Second, where it affirmatively appears that the sheriff, the principal in this bond, was a resident of Chattooga County, must the suit be brought and maintained against him only in Chattooga County, under the laws of this State? The Code, § 89-421, provides as follows: "The measure of damages recoverable in actions upon all official bonds for the misconduct of the officer, unless otherwise specially enacted, shall be the amount of injury actually sustained, including the reasonable expenses of the suit to the plaintiff, besides the costs of court; but in all cases when little or no damage is actually sustained, and the officer has not acted in good faith, the jury may find for the plaintiff an amount, as smart money, which, taking all the circumstances together, shall not be excessive nor oppressive." Every

contention of the plaintiff in error, except the question of venue, has been passed on in *Copeland* v. *Dunehoo, 36 Ga. App.* 817 (138 S. E. 267), and the cases are identical, except that the suit in the instant case is based on the bond of the sheriff, instead of the deputy. In the *Copeland* case it was decided that the plaintiffs could recover on a suit for smart money (which was not to be excessive or oppressive), based on the deputy sheriff's bond payable to the sheriff, for acts committed by the deputy. In the instant case a recovery is sought, in a suit based on the sheriff's bond payable to the Governor, for acts of the deputy. The defendant contends that the words "misconduct of the officer," as used in the Code, § 89-421, do not include misconduct of deputies, and that in this case the only person liable under the sheriff's bond, for smart money for a wrongful act, would be the sheriff himself, and not his deputies. In *Crawford* v. *Howard, 9 Ga.* 314, 318, it was said: "It is argued, then, that upon common-law principles the sureties are not bound, inasmuch as they did not in the bond stipulate for the acts or omissions of deputies, but for the personal acts alone of the principal. We think that, in agreeing to be bound for the principal, they are legally bound for all his acts or omissions, whether by himself directly or by his agents. . . The principal is liable for all the acts and omissions of his general agent, done or omitted within the scope of the agency. The deputy is the general agent of the high sheriff, to do and perform all acts which by law appertain to his office. . . Our statute, which makes the deputy liable for his own acts, expressly reserves the liability of the principal. Cobb's Analysis, 123. If this be the rule of liability of the principal, there is no doubt but that sureties who stand for his liabilities are bound, without express stipulation, for the acts of his deputies or agents. They trust to his fidelity and competency, and risk his discretion in the appointment of agents. Third persons look to him for the faithful execution of his trust, and to the security which he has given. The sureties make good his official omissions, negligences or misfeasances, as the law will charge him. It is immaterial whether he has a deputy or twenty or none; they are bound for the faithful execution of his trust. It is a familiar principle, that the liability of sureties is measured by that of the principal, un-

less they stipulate for a less liability." Our statutes which make the deputy liable for his own acts expressly reserve the liability of the principal. The Code, § 89-418, declares: "Every official bond executed under this Code is obligatory on the principal and sureties thereon— . . For any breach of the condition by a deputy, although not expressed, unless otherwise declared by law." Section 89-427 provides: "Any person who claims damages of any principal officer for the act of his deputy may at his option sue on said deputy's bond, instead of on that of the principal, in the same manner as suit may be brought on the principal's bond." It follows that when section 89-421 says that smart money, upon a proper case made, can be recovered on the bond, for "misconduct of the officer" where no damage is actually sustained and the officer has not acted in good faith, the words "misconduct of the officer," as used in this section, mean not only the misconduct of the sheriff but also the misconduct of his deputies who are the general agents of the sheriff to do and perform all acts which by law appertain to his office; that the doctrine of respondeat superior applies; that the sureties on the sheriff's bond are bound for the faithful execution of his trust; and that the liabilities of the sureties are measured by that of the principal, there being no stipulation for a less liability. The words "misconduct of the officer," as used in the Code section, include not only the sheriff but his deputies. See also *Gasway* v. *Atlanta & West Point R. Co.*, 58 *Ga.* 216.

We pass now to the second question to be decided in this case. Counsel for the plaintiff in error frankly state that the second proposition has heretofore been adjudicated by this court, but that it is their purpose to ask that the previous decisions on this question be overruled, or that the question therein presented be certified by this court for determination by the Supreme Court. It seems to us that *Morris* v. *George*, 3 *Ga. App.* 413 (59 S. E. 1116), and *Gross* v. *Butler*, 48 *Ga. App.* 750 (173 S. E. 866), the decisions sought to be overruled, are supported by the authorities of the Supreme Court therein cited, and are sound. We therefore decline the request to overrule those decisions or to certify this case. It might be noted, in addition to the reasoning and the authorities cited in those two cases, that the Code, § 56-1116, uses the following language: "Such corporation or company

[foreign fidelity insurance company] shall be subject to be sued on such bonds or obligations in the county of the residence of the principal in such bond or obligation." The use of the words "shall be subject to be sued . . in the county of the residence of the principal" indicates to our mind that the word "subject" was used in the same sense as when a treaty is subject to ratification. It is discretionary whether the treaty shall be ratified or not; and thus it is discretionary whether this suit is brought under § 56-601 (which provides that the suit may be brought in any county where the company shall have an agent or place of doing business, or in any county where such agent or place of doing business was located at the time the action accrued) or under § 56-1116, which provides that the surety is subject to be sued in the county of the residence of the principal in such bond. A history of the legislation of these two Code sections seems to indicate that each time the legislature acted with reference to them on the question of venue, its intention was to extend and increase the options as to where suits could be brought, rather than to decrease the number of places where suits could be brought.

In our opinion, the court had jurisdiction of the parties and the subject-matter, and the petition stated a cause of action and a measure of damages properly recoverable. The judge did not err in overruling the demurrer.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*