25929. AMERICAN SURETY COMPANY *v.* SMITH.

634

DECIDED MARCH 11, 1937.  REHEARING DENIED APRIL 4, 1937.

*Wright & Covington, E. S. Taylor,* for plaintiff in error.
*Maddox & Griffin,* contra.

MACINTYRE, J.   Smith brought suit against the American Surety Company, alleging that the company was surety on the bond of Cook, sheriff of Chattooga County, Georgia; that, on a day before the bringing of the suit, the plaintiff, in company with

his wife and child, and other parties, was traveling on a public highway in Chattooga County, Georgia; that three named persons, deputy sheriffs of Chattooga County, endeavored to stop the car for the purpose of searching it, and when the car did not stop they fired at it; that none of the occupants of the car were struck; but that this was an assault which entitled the plaintiff to a recovery of smart money against the surety on the bond of the sheriff, for which suit was brought.

■ The defendant demurred to the petition, on the grounds (1) that there can be no recovery of "smart" money as against the sureties on the bond of the sheriff for the acts and conduct of his deputy, (2) that the sheriff, the principal in this bond, was a resident of Chattooga County, and the suit against him could not be brought in Floyd County, according to the Code, § 56-601. This identical question was decided adversely to the defendant in *American Surety Co.* v. *Smallon,* 54 *Ga. App.* 45 (186 S. E. 892). See also *Carlan* v. *Fidelity & Deposit Co.,* 55 *Ga. App.* 271 (supra).

■ In the instant case the judge, in stating to the jury the contentions of the parties, in effect read the petition of the plaintiff, stating that this was what the plaintiff contended, and then immediately charged: "To the petition of the plaintiff the defendant files its answer in which it denies all liability to the plaintiff, and says for want of sufficient information it is unable to either admit or deny the allegations that are the subject for proof in this case. The defendant denies it has injured and damaged the plaintiff in the amount sued for, or in any other sum whatever. The court states to you the contentions of the plaintiff and the answer of the defendant, in order that you may know what case you are trying. You will have the petition of the plaintiff and the answer of the defendant out in your jury-room with you; and if you see fit to do so, you may read either or both of them, and in that way see just what the plaintiff contends and what the defendant contends, and keep the issues clearly in your mind. I charge you that wherever the defendant admits anything in its answer that the plaintiff alleges in his petition, you will accept that as proved. The burden is upon the plaintiff to establish each and every material allegation in his petition by a preponderance of the testimony. . . It is admitted by the defendant that on the date alleged in the petition Thomas A. Cook was sheriff of Chattooga

County, and that Ed. Alexander, William Hill, and Arthur Bloodworth were deputy sheriffs of said county, and that the defendant was the surety on the official bond of Sheriff Cook." The answer admitted paragraph 1, "That the American Surety Company of New York, named as the defendant in this section, is a non-resident fidelity-insurance company having an agent in said State and county upon whom service can be perfected;" admitted paragraph 3, "That Thomas A. Cook is, and was on the day complained of, sheriff of Chattooga County, Georgia, and that the American Surety Company of New York is the surety on his official bond. A copy of·said bond is hereto attached, marked Exhibit A and made a part of this petition;" and admitted paragraph 6, "That said bond above referred to was in full force and effect on the occasion complained of." All of the other paragraphs were either specifically denied, or the defendant stated that for want of sufficient information it could neither admit nor deny them. Thus it will be seen that no defense was set up except a simple denial, or that for want of sufficient information the defendant could neither admit nor deny certain other allegations. In this case it affirmatively appears that the allegations of the petition with respect to the execution of the bond by the sheriff, and the defendant as his surety, were admitted; and by express admission, made in the evidence at the beginning of the case, it was admitted that the persons named as deputy sheriffs were deputy sheriffs. Relatively to the defendant's answer, the criticism of the charge is: "first, it incorrectly represents the answer of the defendant, in that certain allegations of the petition are admitted by the answer of the defendant, such as the execution of the bond and other matters, which are the subject for proof, whereas the court instructs the jury that the plaintiff says that for want of sufficient information it is unable to either admit or deny the allegations that are subject for proof in the case; second, that said charge gives in excessive detail the contentions of the plaintiff, but fails to set forth or give the contentions of the defendant either by its answer or by its evidence; third, that the statement of the charge of the court that for want of sufficient·information the defendant is unable to either admit or deny the allegations that are the subject of proof in this case is a totally incorrect statement of the contentions of the defendant, for the reason that the defendant expressly denies a num-

ber of the acts charged which are essentially subject for proof in this case."

We do not think the effect of the charge above quoted was to misstate the plaintiff's contention by saying to the jury in effect that certain paragraphs of the petition were not expressly admitted when they were admitted. Nor do we think the charge to the jury was in effect that the defendant had failed expressly to deny any particular paragraph of the petition; nor was the effect of the judge's charge to state that the defendant was unable, for want of sufficient information, to deny any and every fact that was the subject of proof (that is, any and every fact that should have been proved in order to recover) ; nor do we think that the charge gives in excessive detail the contentions of the plaintiff, but fails to set forth or give the contentions of the defendant as set forth in its answer. While the court should have stated more explicitly which paragraphs or allegations were thus intended to be admitted and which were denied, and which required proof by the plaintiff by reason of the form of the answer to certain paragraphs, which said, "for want of sufficient information this defendant is unable to either admit or deny" the allegations of the particular paragraph referred to, yet we do not think this part of the charge could have misled the jury to the prejudice of the defendant. While a part of the instruction above quoted is inaptly expressed, yet, when considered in connection with its context and in the light of the charge as a whole, we think the charge conveys the idea that the allegations of fact in the petition which are expressly admitted in the answer are not in issue and are to be taken by the jury as true, and that all allegations of fact contained in the petition which are denied in the answer are put in issue, and, even though not denied, that paragraphs of the plaintiff's petition which the defendant says in his answer he is unable to admit or deny, for want of sufficient information, are also put in issue. The court elsewhere in effect charged: The plaintiff's petition and the defendant's answer you will have before you in your deliberation, and you are at liberty to refer to and read them yourselves; and from the material issues of this case, which are formed by the said pleadings of the said respective parties, you will decide in favor of the party with whom you shall find to be a preponderance of evidence on said issues. *Georgia Southern &*

*Florida Railway Co.* v. *Stanley,* 1 *Ga. App.* 487 (57 S. E. 1042); *Southern Railway Co.* v. *Ray,* 28 *Ga. App.* 792 (supra); *Bray* v. *C. I. T. Corporation,* 51 *Ga. App.* 196 (3) (179 S. E. 925). "The really important thing is for the judge to give the jury clearly and fairly the law applicable to the issues involved; and if he does this, his failure to formally state the contentions as shown by the pleadings will not, as a general rule, be cause for a new trial. See, in this connection, *Atlanta Consolidated Street Railway Co.* v. *Bagwell,* 107 *Ga.* 157 [33 S. E. 191]; *Maddox* v. *Morris,* 110 *Ga.* 309 [35 S. E. 170]." *Central of Georgia Railway Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430).

■ The court charged the jury, in part, as follows: "(I charge you it is a violation of law, and for any person who shall be guilty of the offense of shooting at another, except in his own defense and under circumstances of justification according to the criminal law of Georgia, with a gun, pistol, or other instrument of like kind, shall be punished by penitentiary confinement.) [I charge you that a deputy sheriff is conclusively presumed to know the law; and if you find from the evidence in this case that these deputy sheriffs, or any of them, shot at the plaintiff wilfully and wantonly, or wilfully and wantonly shot at the car or automobile in which the plaintiff was riding, and while the plaintiff and those who were in the car or automobile with him was making their escape, it would be an act of bad faith on the part of the deputy sheriffs.] If you find these to be the facts of the evidence in this case, taking all the circumstances together, the defendant would be liable in damages in an amount which shall not be excessive or oppressive. On the other hand, I charge you that there can be no recovery of damages by the plaintiff of the defendant in this case, unless you find from the evidence that the shots fired by the deputy sheriffs named in the petition were actually fired at the automobile in which the plaintiff was riding, or at the plaintiff. If you find that they did not fire at the automobile or at the plaintiff, you will return a verdict for the defendant. If these deputy sheriffs, from the evidence, fired their pistols into the air, the ground or an adjacent bank, and not in the direction of the plaintiff or the automobile in which he was riding, the plaintiff would not be entitled to recover, and you will return a verdict for the defendant." (Parentheses and brackets ours.)

The part of the above-quoted charge which is in parenthesis is not subject to the exception "that the charge was erroneous as inapplicable to any of the issues in this case, this case not being a criminal case, and was likely to lead the jury to believe that the defendant was on trial in connection with some criminal charge against him." Nor is it subject to the exception "that the giving of the law applicable to the offense of shooting at another in charge in this case, which was one for a simple assault and smart money, was utterly without application; that it simply tended to magnify upon the mind of the jury the conduct on the part of the officers charged with having fired, and was utterly without application to any of the issues in this case." It seems to us that this charge was in effect saying that if one violated the criminal statute of Georgia he could not be said to have done so in good faith, and if he violated the criminal statute (wilfully and wantonly) the inference of bad faith might be drawn if the facts hypothetically set forth in the charge were proved. *Copeland* v. *Dunehoo*, supra. The part of the charge above quoted in brackets is not subject to the exception "that it amounted to an expression of opinion on the part of the court as to what would or would not amount to bad faith upon the part of the defendant, and therefore was an infringement upon the province of the jury." It seems to us, in reference to the question of what is bad faith, that the court declared to the jury what the law was, and then stated hypothetically that if certain facts were proved they would be authorized to find that the defendant was guilty of bad faith. *Thomas* v. *State,* 49 *Ga. App.* 484, 489 (176 S. E. 155). This charge did not state or intimate the court's opinion as to what facts were or were not proved. Nor did the judge so charge the jury as to intimate his opinion that the accused was guilty of bad faith, in that the State had proved the facts which he said would constitute bad faith (in a hypothetical case).

■ The criticism of the charge, that it authorized the jury to return damage for fright, unaccompanied by physical injury, and that this is contrary to the established law of this State, is not meritorious; for the reason that the court did charge the jury "that there can be no recovery for fright unaccompanied by some assault upon the person of the plaintiff." The court charged in accordance with the rule laid down in *Copeland* v. *Dunehoo,* supra.

■ The plaintiff alleged that the defendant shot at him. The defendant in his answer unqualifiedly denied this, and nothing was set up in the answer by way of defense that the defendant was justified in firing at the plaintiff or his car. Therefore it was "not incumbent on a trial judge, even though a special written request be preferred, 'to give an instruction from which the defendant would get the benefit of a defense not made in his answer.'" *Freeman & Turner News Co.* v. *Mencken,* 115 *Ga.* 1017, 1019 (42 S. E. 369); *Georgia Southern & Florida Railway Co.* v. *Zarks,* 108 *Ga.* 800 (34 S. E. 127); *City Council of Augusta* v. *Owens,* 111 *Ga.* 464 (6) (36 S. E. 830); *Christian* v. *Columbus & Rome Railway Co.,* 90 *Ga.* 125 (15 S. E. 701); *Central Railroad & Banking Co.* v. *Maltsby,* 90 *Ga.* 630 (16 S. E. 953).

■ The evidence in its most favorable light to the plaintiff tended to show that three deputy sheriffs undertook unlawfully to stop the car in which the plaintiff was riding, and when the plaintiff fled the deputies shot at him or at the car, one of the shots hitting the car. The plaintiff, still fleeing, was pursued by the deputy sheriffs until he arrived at the house of a friend in the neighborhood, and the pursuing deputies' "car drove up and stopped in just a minute," and then and there, in a conversation, one of the deputies made a statement which was in the nature of an admission. The defendant objected to this statement, on the ground that the suit was against the surety on the sheriff's bond, and that the statement was made by one of his deputies who "was not a party to this case, not even a principal upon the bond sued on, and that the evidence was hearsay so far as this defendant was concerned." This objection was not meritorious, and the judge did not err in admitting the evidence.

■ The Code, § 24-3318, says: "No consent between attorneys or parties will be enforced by the court, unless it be in writing and signed by the parties to the consent, where such consent or agreement is denied by the opposite party." The agreement of counsel in this case was not signed by the parties, and there was a misunderstanding between counsel as to some of its terms and conditions; the defendant's counsel claiming it was agreed that certain depositions of one of his witnesses, Ed. Alexander, taken in a companion case, would be used in the instant case, and that he wrote to the plaintiff's counsel a letter as follows: "Merely

to confirm our agreement and keep a memoranda of it for future reference, as I understand it, it is agreed that the testimony of Ed. Alexander heretofore taken in the Mrs. Lucile Smallon case against the American Surety Company may be used in all the cases pending against the American Surety Company, number respectively. It has just occurred to me that this testimony was written up by the court reporter in narrative form, and that you might possibly want the testimony retaken on account of this condition. If so, won't you please advise me at once. With regard to the testimony that you desire to take in connection with this matter, I will be glad to waive the five days notice and agree with you on the taking of this testimony at any time that will suit our mutual convenience." The plaintiff's counsel stated that he had also taken depositions of one of his witnesses, Wes Murphy, and that as a part of the same mutual agreement he was to have the right to use in the instant case the depositions of his witness which were taken in the companion case; that the defendant's counsel "said that we might use the testimony of Mr. Wes Murphy and he was to use the testimony of Mr. Alexander, which was mutually agreed, and before the June term, . . last June, Mr. Wright [defendant's counsel] came to us and said they would not agree to that. I of course took it for granted that that rescinded our agreement. . . I am ready, willing, and glad to go through with what we agreed to. They can use Mr. Alexander or anybody else in there, if we can use Mr. Murphy's testimony. Mr. Murphy is ill and that is the reason why he is not here; he said he would be here, and I would be glad to go ahead with it. He can use any of the testimony in this record before, if we can use Mr. Murphy; but, as I say, I don't think Mr. Wright ought to ask anything else." The plaintiff's counsel contends that the agreement, as he understood it, was never abrogated by him. The Code section and rule of the superior court seem to have been adopted so as to notify counsel that no consent will be enforced by the court unless it be in writing and signed by the parties to the consent; and if there is a misunderstanding as to what was the agreement actually made, the court will leave the parties where it found them, and will not undertake to enforce the agreement as contended for by either counsel. Honorable men, honestly and in the utmost good faith, often remember things differently, at

least as to some of their details. Under the rule of court the judge did not err in refusing to admit the testimony.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

ON MOTION FOR REHEARING.

MacIntyre, J. The plaintiff in error strenuously contends that we overlooked the principles announced in *First National Bank of Rome* v. *Langston,* 44 *Ga. App.* 465 (161 S. E. 637), where this court said: "The defendant was entitled to have the case tried upon the defense which it elected to assert, and should not have been placed in the attitude of making a further issue as to the agency of the persons alleged to have caused the injury, when this fact was admitted in the answer and there was no contention whatever concerning it. The fact that the defendant was thus placed in a false and losing position as to one issue tended to discredit its position as to other issues, and might have been the deciding factor in the deliberations of the jury." The cited case is distinguishable from the instant case. In the former case the charge misstated the issues raised by the answer (the pleading), in that the answer showed the defendant admitted the agency, whereas the judge's charge stated that the defendant denied the agency. In the instant case the petition alleged that certain officers were deputy sheriffs. The answer denied this, and on the trial, at the conclusion of the reading of the pleadings, the defendant admitted in open court that the officers were deputy sheriffs as alleged. Thus we have the answer denying this allegation, and the admission (not in pleading) in open court admitting it. Whatever may have been the technically correct thing for the judge to have charged, it is not reversible error for him to have failed in his charge to reconcile this denial in the defendant's answer and its admission (not made in his pleading). "Instructions of the court to the jury should be confined to the issues made by the pleadings in the case." *Cordele Sash &c. Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (2) (58 S. E. 860). "Under the 21st rule of court, pleadings can not be dispensed with even by express consent of the parties (Civil Code, § 5652), and certainly they are not to be treated as having been dispensed with by mere implication from what occurs during the progress of the trial." *Martin* v. *Nichols,* 127 *Ga.* 705, 709 (56 S. E. 995). "Where in a civil case the judge, in stating the contentions of the parties, fully and

fairly submitted the issues raised by the pleadings in the case, the failure of the court, in the absence of a request, to instruct the jury upon a contention of one of the parties not raised by the pleadings, although supported by some evidence in the record, is not cause for a new trial. *Martin* v. *Nichols,* 127 *Ga.* 705 (56 S. E. 995); *Cordele Sash &c. Co.* v. *Wilson Lumber Co.,* 129 *Ga.* 290 (2) (58 S. E. 860); *Hewitt* v. *Lamb,* 130 *Ga.* 709 (2) (61 S. E. 716, 14 Ann. Cas. 800)." *McLean* v. *Mann,* 148 *Ga.* 114 (2) (95 S. E. 985); *Bridges* v. *Williams,* 148 *Ga.* 276 (2) (96 S. E. 439).

The pleadings are the chart and compass by which the judge is to guide the case. The defendant can not give the judge a chart to follow, and when the judge follows that chart reverse him for so doing. If the evidence or an admission in the nature of evidence is introduced which contradicts the answer, the defendant may amend his answer so as to follow the evidence, and then it would be the duty of the judge to follow the amended answer as the new and corrected chart, and if he failed in his charge to do so it would be at his peril. Moreover, in this case the judge, in his charge, stated in effect that the plaintiff had made an allegation that these persons were deputy sheriffs, and that the defendant had denied it in the answer; and then, later in the charge, *he stated that the defendant admitted that these persons were deputy sheriffs.* The judge in his charge stated what the pleadings said, and then stated what the admission (not in the pleading) was. He made no misstatement of the pleading, nor did he make any misstatement as to the admission. We do not think the principle announced in the *First National Bank of Rome* case, supra, applies to the case sub judice.

In the motion for rehearing the plaintiff in error states that it "recognizes the fact that the admission of the sheriff, the principal upon this bond, would have been admissible under the decisions of this court in the cases of *Stephens* v. *Crawford,* 1 *Ga.* 574 [44 Am. D. 680], *Dobbs* v. *Justices,* 17 *Ga.* 625, and *Chicago Portrait Co.* v. *O'Neill,* 6 *Ga. App.* 425 [65 S. E. 161];" but "movant insists and contends that these decisions have no application to a deputy who is not in privity with the surety upon the bond of the sheriff, and that an admission of such deputy would not be admissible against such surety alone, while possibly admis-

sible against the sheriff, but would be merely hearsay evidence." In the instant case the declaration which was in the nature of an admission was made during the transaction of the business for which the defendant as surety was bound. This declaration was made during the transaction of the business of the sheriff by his deputy so as to become a part of the res gestæ. *Dobbs* v. *Justices,* 17 *Ga.* 624, 630 (5) ; *Southern Railway Co.* v. *Brown,* 126 *Ga.* 1, 3 (54 S. E. 911). The deputy sheriff was then acting in his character as the sheriff's agent. 1 Greenleaf on Evidence (14th ed.), 152, § 113; 2 Id. 584, § 583. The principal is liable for all the acts of his general agents done within the scope of their agency. "The deputy [sheriff] is the general agent of the high sheriff, to do and perform all acts which by law appertain to his office." *Crawford* v. *Howard,* 9 *Ga.* 314, 318. In *American Surety Co.* v. *Smallon,* supra, we decided that the sureties on the sheriff's bond, who stand for the sheriff's liabilities, are bound without express stipulation for the act of his deputies. The sureties "trust to his [the sheriff's] fidelity and competency, and risk his discretion in the appointment of agents [deputies]. Third persons look to him for the faithful execution of his trust, and to the security which he has given. The sureties make good his official omissions, negligences, or misfeasances, as the law will charge him." *Crawford* v. *Howard,* supra. We can not but feel that these declarations, in the nature of admissions, of the deputy sheriff, made during the transaction of the official business of the sheriff, so as to become a part of the res gestæ, were admissible in evidence in the action on the sheriff's bond against the sureties only.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*