26244. AMERICAN SURETY COMPANY v. SMALLON.

DECIDED NOVEMBER 27, 1937.

*E. S. Taylor, Wright & Covington,* for plaintiff in error.
*Maddox & Griffin,* contra.

STEPHENS, P. J. 1. On the trial of a suit against a surety on the official bond of arresting officers, to recover damages alleged to have resulted from misconduct of the officers in unlawfully and without any warrant for his arrest, shooting at the plaintiff while he was riding in an automobile along a public road and when he had committed no crime, where the measure of damage as prescribed by statute, and which the plaintiff was seeking to recover, was that when little or no damage is actually sustained by the plaintiff, "and the officer has not acted in good faith, the

jury may find for the plaintiff an amount, as smart money, which, taking all the circumstances together shall not be excessive nor oppressive" (Code, § 89-421), although the evidence may have made an issue of fact whether the officers shot at the plaintiff or the car in which the plaintiff was traveling, or shot into the air or the ground, and where in the charge to the jury the court defined want of good faith as "any arbitrary omission by the officers to do that which is required of them by law," and stated that a "conscious disregard of the limitation upon his authority would amount to bad faith within the meaning of the law," and where the court further charged the jury that there could be no recovery by the plaintiff unless the shots fired by the officers were actually fired at the plaintiff or at the automobile in which the plaintiff was riding, and that if the shots were not fired at the plaintiff or at the automobile in which the plaintiff was riding, but were fired into the air or into the ground or into an adjacent bank, the plaintiff could not recover; and where the court further charged that if the officers were acting in good faith as required of them by law, and did not arbitrarily omit to do that which was required of them by law, and did not consciously disregard the limitations upon them or their authority, the plaintiff could not recover,—a charge that if the officers "acted in bad faith, under the testimony," the plaintiff could recover, "taking all the circumstances together," and that if the officers did not act in good faith the jury should find for the plaintiff, was not subject to the objection that the court, in instructing the jury that the plaintiff could recover if the officers did not act in good faith, thereby withdrew from the jury any consideration of whether the officers shot at the plaintiff or at the automobile in which the plaintiff was riding, or shot into the air or the ground and did not shoot at the plaintiff or at the automobile in which the plaintiff was riding, and contained an expression of opinion on the facts which were issues for the jury.

2.   While the measure of damage in such case is that if little or no damage was actually sustained by the plaintiff, and if the officers did not act in good faith, the plaintiff may recover an amount as "smart money," it was not prejudicial to the defendant for the court to charge the jury that to authorize a recovery in the case for punitive or exemplary damages the jury must be satisfied that there was some wilful misconduct on the part of the

officers or that entire want of care by them which would give rise to the presumption of a conscious indifference to consequence, and that there must be evidence satisfactory to the jury either of malicious wantonness or of an oppression by the officers as against the plaintiff.

3. It is not essential to the establishment of the fact that the officers, in causing the damage to the plaintiff, did not act "in good faith," that the officers' acts in inflicting the injuries were wanton and malicious and were performed in a reckless manner and in a spirit of mischief towards the plaintiff and with criminal indifference to the plaintiff's rights. *Copeland* v. *Dunehoo*, 36 *Ga. App.* 817 (3) (138 S. E. 267). The request to charge, in effect, that the plaintiff could not recover unless the acts of the officers were of this character, was properly refused.

4. Whether or not under the circumstances the officers were justified in arresting any person in the automobile in which the plaintiff was riding, it was not error for the court to instruct the jury under what conditions as authorized by the evidence the officers would not be justified in making an arrest of any of the persons in the automobile. Therefore the court did not err in charging the jury that the arresting officers had no right to arrest or attempt to arrest another person merely upon a suspicion of guilt of a misdemeanor, without a warrant, and that an arrest may be made for a crime by an officer either under a warrant, or without a warrant if the offense is committed in his presence, or if the person is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant.

5. Whether or not the plaintiff was entitled to recover damages for fright, such right to recover is not limited to a situation only where there is an actual injury to the person of the plaintiff or physical injury to the plaintiff. There may be a recovery for fright where the other elements authorizing a recovery are present, and where the fright is occasioned, not by some actual physical injury to the person frightened, but by some wilful or wanton conduct on the part of the person causing the fright, or as a result of some assault upon the person frightened. The court did not err in refusing a request to charge that unless the plaintiff has sustained some injury, or is entitled to recover "smart money" where the officers have not acted in good faith, there could

be no recovery for fright unaccompanied by some physical injury to the plaintiff or actual injury to his person. The request, in so far as it contained correct statements of the law applicable under the pleadings and the evidence, was fully covered where the court charged that there can be no recovery for fright unaccompanied by some assault upon the person of the plaintiff, and that the plaintiff would not be entitled to recover unless the officers fired at the plaintiff or at the automobile in which the plaintiff was riding. See *Copeland* v. *Dunehoo,* supra; *American Surety Co.* v. *Smith,* 55 *Ga. App.* 633 (4) (191 S. E. 137).

6. The verdict for the plaintiff in the sum of $500 can not be said as a matter of law to be excessive or the result of prejudice or bias on the part of the jury.

7. The remaining grounds of the motion for new trial are controlled by the decision in *American Surety Co.* v. *Smith,* supra, adversely to the contentions of the plaintiff in error. This was a case by one of the other occupants of the automobile in which the plaintiff was riding, against the same defendant, in which damages were prayed for as arising out of the same alleged conduct of the same officers, and was tried at the same time and under the same evidence as the case now before the court.

8. The evidence authorized the verdict for the plaintiff, and no error appears. See *American Surety Co.* v. *Smallon,* 54 *Ga. App.* 45 (186 S. E. 892).

*Judgment affirmed. Sutton and Felton, JJ., concur.*