29680.   GLENS FALLS INDEMNITY CO. *v.* DEMPSEY.

DECIDED DECEMBER 2, 1942.   REHEARING DENIED DECEMBER 17, 1942.

*F. M. Gleason, Shaw & Shaw, Wright & Willingham,* for plaintiff in error. *Maddox & Griffin,* contra.

STEPHENS, P. J. This case is controlled largely by the decision in *Glens Falls Indemnity Co.* v. *Dempsey,* ante, 607 (23 S. E. 2d, 493). That case was an action by the wife of the plaintiff in the present case against the defendant as surety on the official bond of the sheriff of Walker County, in which she sought recovery of damages, including attorney's fees, for the official misconduct of the sheriff and his deputy as the result of which she was damaged. The case at bar is brought by the husband of the plaintiff in the foregoing case. The two cases are identical with the exception of the injury sustained by the respective plaintiffs. The plaintiff in the case at bar sustained certain injuries when the sheriff, after searching the plaintiff's home illegally and without a warrant, beat the plaintiff with his fist and with a blackjack. It is contended that this beating of the plaintiff was not colore officii. The evidence did not demand a finding to this effect. The jury found for the plaintiff $450 smart money and $300 attorney's fees. This verdict was authorized under the evidence and was not contrary to law. It was not excessive, and it did not appear to be the result of bias or prejudice under the evidence in the case. The verdict was not unauthorized because the jury were authorized to find that the actual physical injuries sustained by the plaintiff were more severe than the physical injuries sustained by his wife, the plaintiff in the other case, and because the plaintiff lost a week from his work as the result of the beating. The defendant contends that on this account the plaintiff would not be entitled to recover smart money. It bases this contention on the fact that it can not be said that the plaintiff suffered "little or no damages" as the result of the alleged misconduct of the public officers. We can not agree with this contention. The question as to the extent of the plaintiff's injuries, whether they were little or substantial, was for the jury. The verdict finding $450 smart money and $300 attorney's fees was not unauthorized by the evidence. The damages found as smart money could equal the plaintiff's actual damages. No error of law appears. The evidence authorized the verdict for the plaintiff. Even under this view of the case the plaintiff is entitled to the reasonable expenses of the suit. Code, § 89-421. This could include attorney's fees.

Under the Code, § 89-421, the plaintiff in a suit on an officer's bond for illegal search and seizure is entitled to recover attorney's fees as well as "smart money." The plaintiff, under the provisions of that section, is entitled to recover not only what is called "smart money" but expenses of litigation which include attorney's fees. That section generally provides the measure of damages recoverable in actions on all official bonds for the misconduct of the officer, and provides that unless otherwise specifically enacted the measure of damages should be the amount of injury actually sustained "including the reasonable expenses of the suit to the plaintiff, besides the costs of court." The section further provides, with reference to the measure of damages growing out of such an action, as respects the amount of damage, and that if little or no damage was actually sustained and the officer has not acted in good faith the jury may find an amount as "smart money." The section does not demand the conclusion that where smart money is recoverable there can not be a recovery for expenses of litigation and costs of court, but the section is susceptible of the construction that where the damages show so-called smart money there can still be a recovery for the reasonable expenses of the suit to the plaintiff, which necessarily include attorney's fees. See *Taylor* v. *Johnson*, 17 *Ga.* 521, and *Dobbs* v. *Justices of Inferior Court*, 17 *Ga.* 624, from which this section was codified. It follows that the court did not err in overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton, J., concurs. Felton, J., dissents in part* (see 29679, ante).