29679.  GLENS FALLS INDEMNITY CO. *v.* DEMPSEY.

608

Decided December 2, 1942. Rehearing denied December 17, 1942.

*F. M. Gleason, Shaw & Shaw, Wright & Willingham,* for plaintiff in error. *Maddox & Griffin,* contra.

STEPHENS, P. J.   Mrs. B. O. Dempsey sued the Glens Falls Indemnity Company for a breach of the official bond of H. C. Shelby, sheriff of Walker County, on which bond the defendant was surety. The plaintiff sought $3000 damages which she alleged had been caused by the official misconduct of the sheriff and of Tobe Beard, a deputy sheriff of such county.   The plaintiff alleged that the acts of the sheriff and deputy sheriff complained of were in their official capacity and done under color of their office; that on February 7, 1941, she lived with her husband at 400 West Gordon Avenue, Rossville, Georgia; that on that date the sheriff and the deputy came to the plaintiff's home claiming that they were searching for Verland Dempsey, the plaintiff's brother-in-law; that they stated that this man had escaped from the jail of the county and they wanted to search the plaintiff's home and see if they could find him; that the plaintiff's husband informed these officers that Verland Dempsey was not there, but the officers insisted, and they did search the plaintiff's home for Verland Dempsey and did not find him; that Verland Dempsey was not there and had not been there for a long time, and at no time had he ever been in the plaintiff's home while he was a fugitive; that these officers did not have a search warrant to search the plaintiff's home and their acts constituted an illegal trespass; that at the time the officers searched

the plaintiff's home she was approximately eight months advanced in pregnancy and was sick in bed; that after the officers had searched the home and were in the kitchen with the plaintiff's husband, the sheriff "wilfully, maliciously, and without any legal right whatsoever so to do struck her said husband on the neck with a black jack and repeatedly struck him in the face with his fist;" that the plaintiff, thinking the sheriff would kill her husband, got out of the bed to go to his assistance, and in her weakened condition and through nervousness and excitement caused by the assault of the sheriff on her husband, the plaintiff fell to the floor in an unconscious condition, striking and bruising her body; that as the result thereof she has been continuously confined to bed under the care of a physician and her child was born prematurely; that her condition was greatly aggravated as the result of the excitement, fright, and fall which directly caused the premature birth of her child, all of which was caused by the conduct of these officers. The plaintiff further alleged that it was necessary for the plaintiff to employ an attorney to bring suit against the defendant; that a reasonable attorney's fee for bringing the action and prosecuting it to a conclusion would be $500 for which the defendant is liable and for which the plaintiff sues. The petition further alleged that the plaintiff, on account of the facts, is entitled to a recovery of smart money, and of all expenses incident to the bringing of the suit including attorney's fees; all in the sum of $3000.

The defendant denied the material allegations of the petition and that the plaintiff was entitled to recover the sum sued for or any other sum. The trial resulted in a verdict for the plaintiff for "$500 smart money" and "$200 attorney's fees." A motion for new trial was overruled, and the defendant excepted.

1. "The measure of damages recoverable in actions upon all official bonds for the misconduct of the officer, unless otherwise specially enacted, shall be the amount of injury actually sustained, including the reasonable expenses of the suit to the plaintiff, besides the costs of court; but in all cases when little or no damage is actually sustained, and the officer has not acted in good faith, the jury may find for the plaintiff an amount, as smart money, which, taking all the circumstances together, shall not be excessive or oppressive." Code, § 89-421. In a suit on a bond of a public officer for official misconduct, in order to collect attorney's fees, it is un-

610

necessary to show bad faith or the like as a condition to such recovery as provided under the Code, § 20-1404. *Hartford Accident & Indemnity Co.* v. *Young,* 40 *Ga. App.* 843 (151 S. E. 680). It has been held that the expenses of suit in addition to the costs of court in such a case would include the necessary and reasonable fees for bringing the suit of the attorney for the person aggrieved by the misconduct of the public officer. However, in order to recover smart money it must be shown that the officer did not act in good faith. Also, under the above Code section, smart money is recoverable only in those cases in which the plaintiff has actually sustained little or no damage. Under the evidence the amount found as attorney's fees by the jury was reasonable. The jury were also authorized to find that the sheriff and deputy sheriff had not acted in good faith in searching the plaintiff's home without a warrant, and in brutally assaulting, without cause, the plaintiff's husband, causing the plaintiff to become frightened and to get out of the sick bed and go to her husband's aid. The jury were authorized to find that there was little actual monetary damage sustained by the plaintiff, if any. She alleged that she suffered bruises and pain and that her child was prematurely born as the result of the misconduct of these officers and so testified. The recovery of smart money and of attorney's fees was not without evidence to support it and was not contrary to the provisions of the statute. See *Copeland* v. *Dunehoo,* 36 *Ga. App.* 817 (138 S. E. 267); *Hartford &c. Co.* v. *Young,* supra.

The verdict finding for smart money and for attorney's fees was not contrary to law on the ground that no recovery under the law could be had for both smart money and attorney's fees. There was no misjoinder of causes of action on the ground that the plaintiff could not recover smart money and attorney's fees in this case. The attorney's fees recovered go to compensate the plaintiff for the expense of having to employ an attorney to institute and prosecute the action, while the smart money is to compensate the plaintiff for the injury sustained as the result of the misconduct of the sheriff and his deputy, which misconduct the jury was authorized to find was not in good faith. It does not appear, as it did in *Pulaski County* v. *Fidelity & Deposit Co.,* 58 *Ga. App.* 167 (198 S. E. 90), that the suit on the bond was unnecessary and that therefore a recovery of attorney's fees was not proper against the

surety. Furthermore, the case at bar is not a case solely for the recovery of punitive damages, as claimed by the defendant. The plaintiff alleged that she suffered some physical injury as the result of the misconduct of the sheriff and his deputy.

2. The evidence did not demand a finding that the sheriff in assaulting the plaintiff's husband acted purely in defense of himself from an assault made on him by the plaintiff's husband. The jury were authorized to find that the acts of the sheriff and his deputy in searching the plaintiff's home and in beating her husband were done colore officii, and were not totally disconnected from and unrelated to any of the official duties of such officers. *Robertson* v. *Smith*, 16 *Ga. App.* 760 (85 S. E. 988), is not authority for holding that the evidence in the case at bar demanded the conclusion that the official misconduct causing the plaintiff's injury was not done colore officii.

3. The evidence authorized the jury to find that the sheriff and his deputy, in the performance of their duties as such officers, went to the home of the plaintiff and her husband, and without a search warrant forced their way into the home and searched it, claiming that they were looking for the brother of the plaintiff's husband who had escaped jail, and that as a result of such unlawful entry and search, and as a part thereof, the plaintiff's husband was beaten by the sheriff, and that all of this produced some physical injury to the plaintiff and justified the institution by her of a suit against the surety on the official bond of the sheriff, and authorized the recovery by her of smart money and attorney's fees. See *American Surety Co.* v. *Smith*, 55 *Ga. App.* 633 (191 S. E. 137); *Copeland* v. *Dunehoo*, supra.

4. The verdict does not appear to have been excessive or the result of bias and prejudice on the part of the jury. *American Surety Co.* v. *Smallon*, 56 *Ga. App.* 746, 749 (194 S. E. 35). Under Code § 89-421, the plaintiff in a suit on an officer's bond for illegal search and seizure is entitled to recover attorney's fees as well as "smart money." The plaintiff, under the provisions of that section, is entitled to recover not only what is called "smart money" but expenses of litigation, which include attorney's fees. That section generally provides the measure of damages recoverable in actions on all official bonds for the misconduct of the officers, and provides that unless otherwise specifically enacted the

612

measure of damages should be the amount of injury actually sustained "including the reasonable expenses of the suit to the plaintiff, besides the costs of court." The section further provides, with reference to the measure of damages growing out of such an action, as respects the amount of damage, and that if little or no damage is actually sustained and the officer has not acted in good faith the jury may find an amount as "smart money." The section does not demand the conclusion that where smart money is recoverable there can not be a recovery for expenses of litigation and costs of court, but the section is susceptible of the construction that where the damages show so-called smart money there can still be a recovery for the reasonable expenses of the suit to the plaintiff, which necessarily include attorney's fees. See *Taylor* v. *Johnson,* 17 *Ga.* 521; *Dobbs* v. *Justices of Inferior Court,* 17 *Ga.* 624, from which this Code section was codified.

5. No error of law appearing, and the evidence having authorized the verdict, which was not excessive, the judge properly overruled the motion for new trial.

*Judgment affirmed. Sutton, J., concurs.*

FELTON, J., dissenting in part. Where smart money alone is sued for, as in this case, I do not think that the recovery of attorney's fees is authorized by the Code, § 89-421. I think this court should direct that unless the amount of the verdict for attorney's fees be written off a new trial is granted.